**In re HILLTOP SAND & GRAVEL, INC., Hilltop Dredge, Inc., Terex Corporation.**

**Nos. C83–4581, C83–4582 and Misc. 83–358A.**

United States District Court, N.D. Ohio, E.D.

Dec. 16, 1983.

John J. Guy, Ronald N. Towne, Howard E. Mentzer, Guy, Mentzer & Towne, Akron, Ohio, for appellants.

John C. Parks, James H. Woodring, Charles F. Clarke, Squire, Sanders & Dempsey, Cleveland, Ohio, for amicus curiae Terex Corp.

Joseph Patchan, Wallace W. Walker, Jr., Susan B. Collins, Baker & Hostetler, Cleveland, Ohio, for amicus curiae Ass'n of Former Bankruptcy Judges.

## MEMORANDUM OF OPINION AND ORDER

KRENZLER, District Judge.

Presently pending before this Court are three separate cases in which parties are challenging a bankruptcy judge's denial of a debtor's application for the appointment

of counsel. In each case, the bankruptcy judge, citing Bankruptcy Rule 5002, denied the debtor's application for appointment of counsel on the grounds that members of the particular law firms each debtor sought to have appointed as counsel were related to district court judges serving in the Northern District of Ohio. Since all three cases present substantially identical issues, the Court consolidated the cases for final disposition.

The first two cases, *In Re Hilltop Sand & Gravel, Inc.,* C83–4581, and *In Re Hilltop Dredge, Inc.,* C83–4582, involve related corporations. On July 25, 1983, Hilltop Sand & Gravel, Inc. and Hilltop Dredge, Inc. both filed petitions for voluntary relief under the provisions of Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. On August 1, 1983, both debtors filed applications to have John J. Guy and the law firm of Guy, Metzer & Towne appointed as counsel for the debtors in their bankruptcy proceedings.

Pursuant to the bankruptcy judge's request, an affidavit was filed by John J. Guy on behalf of himself and the law firm of Guy, Metzer & Towne. The affidavit, by direct request of the bankruptcy judge, stated, *inter alia,* that an associate of the firm is the daughter-in-law of a district court judge [1] serving in the Northern District of Ohio. On October 17, 1983, 33 B.R. 839, the bankruptcy judge issued an order denying the debtors' applications for appointment of John J. Guy and Guy, Metzer & Towne as counsel, citing Bankruptcy Rule 5002, and the fact that a member of the firm was related to a district judge of the Northern District of Ohio. Thereafter, an appeal was taken from the bankruptcy judge's denial of the debtor's application pursuant to United States District Court, Northern District of Ohio, General Order No. 61, § (e)(1).

On November 17, 1983, the Association of Former Bankruptcy Judges (Association)

filed motions to file amicus curiae briefs in support of the bankruptcy judge's decision in the Hilltop cases. The Association asserted in its motion that the filing of an amicus curiae brief would serve the public's interest.

On November 22, 1983, the Terex Corporation (Terex), which on November 7, 1983 had also filed a petition for voluntary relief under the provisions of Chapter 11 of Title 11 of the United States Code, filed a motion to file an amicus curiae brief in support of the appellants in the Hilltop cases. In its motion, Terex asserted that it was a long-standing client of the law firm of Squire, Sanders & Dempsey. A member of Squire, Sanders & Dempsey is the brother of a district judge for the Northern District of Ohio. Thus, Terex asserted, if the bankruptcy judge's decision in the Hilltop cases is allowed to stand, it may be deprived of the counsel of Squire, Sanders & Dempsey in its bankruptcy proceedings.

On December 7, 1983, this Court granted the motions of both the Association and Terex to file amicus curiae briefs. Those briefs are presently before the Court.

The third case pending before the Court was brought by Terex and arises out of its bankruptcy proceedings. On December 2, 1983, the bankruptcy judge hearing Terex's petition in bankruptcy issued an order denying Terex's application to retain Squire, Sanders & Dempsey as its counsel. G. Christopher Meyer of Squire, Sanders & Dempsey had previously, on November 14, 1983, submitted an affidavit and cover letter in support of Terex's application to retain counsel. The cover letter stated that a member of Squire, Sanders & Dempsey is the brother of a district judge for the Northern District of Ohio. The bankruptcy judge, in denying Terex's application to retain Squire, Sanders & Dempsey as counsel, cited his earlier holding in the Hilltop cases.

On December 5, 1983, Terex filed a motion, docketed as Misc 83–358A, with this Court pursuant to the United States Dis-

---

1. District court judge hereinafter will be referred to as district judge. Bankruptcy court judge hereinafter will be referred to as bankruptcy judge.

trict Court, Northern District of Ohio, General Order No. 61, § (c)(2), for an order withdrawing from the bankruptcy court Terex's application for retention of counsel.[2] On the same date, Terex also filed a motion to vacate the bankruptcy judge's denial of its application pending resolution of the issues presented in these cases. On December 7, 1983, a judge of this court granted both of Terex's motions and transferred the case to this Judge as a related case to *In Re Hilltop Sand & Gravel, Inc.,* and *In Re Hilltop Dredge, Inc.*

Each of the parties in these cases assert, in their respective briefs, that in applying Bankruptcy Rule 5002 the bankruptcy judge was only precluded from appointing relatives of bankruptcy judges and not precluded from appointing relatives of district judges. It is noted that Rule 5002 applies to both relatives of judges and to firms with which relatives are associated. For simplicity, we will hereinafter refer only to relatives of judges.

The bankruptcy judge and the amicus curiae brief of the Association base their decision and arguments on two theories.

The first is that, by definition, there is a singular court called a "court of bankruptcy" composed of district courts and bankruptcy courts. They contend that this so-called "court of bankruptcy" is the "court" referred to in Rule 5002. Briefly stated, they contend that a "court of bankruptcy" is synonymous with "court" in Rule 5002, and thus, bankruptcy judges are precluded from appointing relatives of district judges.

Their alternative position is that, before the decision in *Northern Pipeline Construc-* *tion Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), there were two separate courts: the district court and the bankruptcy court. The Supreme Court in *Northern Pipeline* in effect held the Bankruptcy Reform Act unconstitutional, effectively repealing it which consequently left the district court as the only member of the so-called "court of bankruptcy." This made bankruptcy judges mere employees of the district court and, since there was only one court involved and this was the district court, it was the "court" referred to in Rule 5002.

The bankruptcy judge and the Association are in error in their analysis and conclusion regarding the application of Rule 5002.

A debtor in a Chapter 11 proceeding is authorized to employ counsel of its choice subject to the approval of the bankruptcy judge. 11 U.S.C. §§ 1107(a) and 327(a).[3] A bankruptcy judge's authority to approve an attorney is specifically limited by Bankruptcy Rule 5002 which provides:

No person may be appointed as a trustee or examiner or be employed as an attorney, accountant, appraiser, auctioneer, or other professional person pursuant to § 327 or § 1103 of the Code if (1) the person is a relative of any judge of the court making the appointment or approving the employment or (2) the person is or has been so associated with any judge of the court making the appointment or approving the employment as to render such appointment or employment improper. Whenever under this rule a person is ineligible for appointment or employ-

---

**2.** General Order No. 61 is patterned after the sample order and model rule regarding continued operation of bankruptcy court systems proposed by the Administrative Office of the United States.

**3.** 11 U.S.C. § 1107(a) provides:

(a) Subject to any limitation on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 327(a) provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

ment, the person's firm, partnership, corporation, or any other form of business association or relationship, and all members, associates and professional employees thereof are also ineligible for appointment or employment.

The term "court" is defined for purposes of the Bankruptcy Rules by Rule 9001(2) which provides:

(2) "Bankruptcy court," "court," "United States Bankruptcy Court" means the court of bankruptcy as defined in § 1(10) and created under § 2a of the Act[4] and the United States Bankruptcy Court created under 28 U.S.C. § 151.

Section 1(10) of the Bankruptcy Act of 1898 provides:

(10) "Courts of bankruptcy" shall include the United States district courts and the district courts of the Territories and possessions to which this Act is or may hereafter be applicable;

If the Court were to stop right here, look no further and consider nothing else but the words of Rule 9001(2) and Section 1(10) of the Bankruptcy Act of 1898, it might be possible to conclude, as the bankruptcy judge did, that Bankruptcy Rule 5002 precludes bankruptcy judges from appointing relatives of district judges. However, this Court is not considering Rule 5002 in a vacuum. This Court must consider the entire scheme of the bankruptcy law plus the history and reasons for the various provisions of the bankruptcy law and rules in order to reach the proper interpretation of Bankruptcy Rule 5002, as it relates to the appointment of relatives of a judge of the court making the appointment. We must also consider the interrelationship between the courts and their powers, duties, and responsibilities.

Initially, the Court notes that we are only concerned with the narrow issue presented in these cases regarding the proper interpretation of Bankruptcy Rule 5002. This Court is not entering into the fray over whether bankruptcy judges should be made

Article III judges or Article I judges. While the subject of the authority to be given bankruptcy judges is topical, it is not in issue in this case.

Under the Bankruptcy Act of 1898, jurisdiction for all bankruptcy matters was vested exclusively in the district court. However, the Bankruptcy Rules, then in force, automatically referred all bankruptcy matters to bankruptcy referees. See Former Bankruptcy Rule 102 (1976). The referees then conducted all proceedings in the case unless the district court withdrew the case from the referee.

When Congress enacted the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549, it sought to establish a separate bankruptcy court distinct from, but as an adjunct to, the district courts. See 28 U.S.C. § 151. The Reform Act replaced bankruptcy referees with bankruptcy judges.

Jurisdiction over bankruptcy matters under the Reform Act is set out in 28 U.S.C. § 1471 which provides:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11

---

4. "Act" for purposes of Bankruptcy Rule 9001(2) is defined in Rule 9001(1) as the Bankruptcy Act of 1898 as amended.

or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, whereever [sic] located, of the debtor, as of the commencement of such case.

Although the effective date of the general provisions of the Reform Act was October 1, 1979, a number of specific provisions, including the jurisdictional provision, were not to take effect until April 1, 1984, thus allowing for a five-year transition period.

The structure of the bankruptcy courts during the transition period is established by § 404(a) of the Reform Act, which provides:

The courts of bankruptcy, as defined under section 1(10) of the Bankruptcy Act, created under section 2a of the Bankruptcy Act, and existing on September 30, 1979, shall continue through March 31, 1984, to be the courts of bankruptcy for the purposes of this Act and the amendments made by this Act. Each of the courts of bankruptcy so continued shall constitute a separate department of the district court that is such court of bankruptcy under the Bankruptcy Act.

Jurisdiction over bankruptcy matters during the transition period is established in § 405(a) of the Reform Act which provides:

(1) All cases commenced under title 11 of the United States Code during the transition period shall be referred to the United States bankruptcy judges. The United States bankruptcy judges may exercise in such cases the jurisdiction and powers conferred by subsection (b) of this section on the courts of bankruptcy continued by section 404(a) of this Act, and all proceedings in such case shall be before the United States bankruptcy judges, except—

(A) a proceeding to enjoin a court;

(B) a proceeding to punish a criminal contempt—

(i) not committed in the bankruptcy judge's actual presence; or

(ii) warranting a punishment of imprisonment; or

(C) an appeal from a judgment, order, decree, or decision of a United States bankruptcy judge.

(2) Except as provided in subsection (c) of this section, any proceeding in a court of bankruptcy in a case under title 11 of the United States Code that is not before the United States bankruptcy judge shall be before the judge of the court of bankruptcy for the district in which such case is pending.

Both during the transition period and thereafter bankruptcy judges were authorized to set up their own staffs and clerks of bankruptcy courts, to be maintained separately from the district courts. Further, while district courts, under the Reform Act may continue to have concurrent jurisdiction over bankruptcy matters with bankruptcy courts, the provisions of the Reform Act clearly envision the bankruptcy courts taking the primary responsibility for bankruptcy matters and acting without the day-to-day intervention of the district courts. Thus, the clear intent of Congress in enacting the Bankruptcy Reform Act of 1978 was to create a bankruptcy court, both during and after the transition period, separate and distinct from, but as an adjunct to, the district courts.

Accordingly, under the Bankruptcy Reform Act there are two separate courts that may hear bankruptcy matters; the district courts, which are Article III courts and the bankruptcy courts, which are adjuncts to the district courts.

The position of the bankruptcy judge, in the present cases, simply stated, is that the "courts of bankruptcy" is a single entity and a separate court that is made up of the bankruptcy court and the district court, and that this is the "court" referred to in Bankruptcy Rule 5002. Based on this reasoning, the bankruptcy judge concluded that a bankruptcy judge is precluded by Bankruptcy Rule 5002 from appointing relatives of district judges because both the bankruptcy judges and the district judges are both judges of the "court of bankruptcy."

This interpretation is clearly wrong. The phrase "courts of bankruptcy" in Bankruptcy Rule 9001(2) is a term of art that exists merely for definitional purposes to identify the two courts that may hear bankruptcy cases, that is district courts and bankruptcy courts. "Courts of bankruptcy" in and of itself is not a separate and independent court.

Also, the Court notes that the phrase "courts of bankruptcy" appears in a bankruptcy rule, not a statute. A procedural rule cannot create a court. Congress, by statute, has created two separate courts that may hear bankruptcy cases. Each court acts independently of the other. Bankruptcy Rule 5002 prohibits an appointing judge from appointing a relative of any judge of the "court making the appointment." This Court interprets that phrase to refer to the specific court making the appointment, that is, either the district court or the bankruptcy court. It does not mean "courts of bankruptcy," which in and of itself is not a "court."

Looking at Bankruptcy Rule 5002 from this more comprehensive perspective, it is clear that a bankruptcy judge, in appointing the relative of a district judge as an attorney for the debtor, is not appointing a relative of any judge of the "court making the appointment." It is a judge of bankruptcy court making the appointment, not a judge of the district court. This interpretation of the rule is further supported by considering the purpose to be served by Bankruptcy Rule 5002.

The purpose of Rule 5002 is to prevent any appearance of impropriety by providing that no attorney may be appointed to represent a debtor, and thereby receive compensation from the debtor's estate through the court, if that person or any attorney in that person's firm is related to a judge of the court making the appointment.

Bankruptcy Rule 5002 was adopted from Former Bankruptcy Rule 505(a)[5] which provided:

No person may be appointed as trustee, receiver, marshal, or appraiser or employed as accountant or auctioneer in a bankruptcy case (1) if he is a relative of any judge or referee of the court making the appointment or authorizing the employment, or (2) if he is so connected with any judge or referee of the court making the appointment or authorizing the employment as to render such appointment or employment improper.

The former rule, as can be seen from its language, did not apply to the appointment of attorneys as counsel for the debtor. Bankruptcy Rule 5002, when adopted in August of 1983, was expanded to cover such appointments in order to combat "cronyism" which historically had existed between bankruptcy referees and bankruptcy judges, who are primarily responsible for making such appointments, and the bankruptcy bar. As the committee report of the House of Representatives noted, there existed a "feeling among non-bankruptcy practitioners that there is a 'bankruptcy ring' that has the inside track on all bankruptcy matters, including the judges' favoritism." H.R.Rep. No. 595, 95th Cong., 1st Sess. 95 (1977) reprinted in 1978 U.S.Code Cong. & Adm.News 5787, 6056.

In this regard, the Court notes that the committee report makes no reference to district judges, but, instead, refers only to bankruptcy judges. If the problem to be addressed had been bankruptcy judges appointing relatives of district judges, the committee reports would have clearly expressed that, and Rule 5002 would have expressly provided for such a problem. The rule could have easily stated that "bankruptcy judges and district judges shall not appoint relatives or firms in which relatives of such judges are associated." Thus, the Court finds that cronyism, the so-called evil to be cured by Bankruptcy Rule 5002, was not a problem associated with relatives of district judges being appointed by bankruptcy judges. Therefore, no useful purpose would be served by prohibiting bankruptcy judges from appointing relatives of

---

**5.** See the Advisory Committee notes to Bankruptcy Rule 5002.

district judges for purposes of Bankruptcy Rule 5002. This Court finds that the appointment by a bankruptcy judge of the relative of a district judge does not give the appearance of impropriety sought to be avoided by Bankruptcy Rule 5002.

■ Accordingly, given the specific language of Bankruptcy Rule 5002, which looks to the specific court making the appointment, the existence of two separate courts that may hear bankruptcy cases, and the purpose Rule 5002 seeks to serve, this Court finds that Bankruptcy Rule 5002 does not preclude appointment of a relative of a district judge by a bankruptcy judge. In determining whether to appoint an attorney to represent a debtor in a Chapter 11 proceeding, a bankruptcy judge is to consider only whether the attorney is related to any judge of the appointing bankruptcy court. A bankruptcy judge is precluded from appointing relatives of a bankruptcy judge.

However, Bankruptcy Rule 5002 is also applicable to district courts and district judges. This occurs when a case has been withdrawn from the bankruptcy court by a district court and the appointments are made by a district judge. Under these circumstances, the district court is the "court" referred to in Bankruptcy Rule 5002. In such a case, the district judge may not appoint a relative of a judge of the district court or a firm that has a member who is a relative of a district judge.

In summary, when a bankruptcy judge makes an appointment, the bankruptcy court is the "court" referred to in Bankruptcy Rule 5002. When a district judge makes an appointment, the district court is the "court" referred to in Bankruptcy Rule 5002. Thus, under Bankruptcy Rule 5002, a bankruptcy judge may not appoint a relative of another bankruptcy judge sitting on the same bankruptcy court. A district judge may not appoint a relative of another district judge sitting on the same district court. However, under Bankruptcy Rule 5002, a bankruptcy judge can appoint a relative of a district judge.

Finally, this Court must consider whether the Supreme Court's holding in *Northern Pipeline, supra,* has an effect on Rule 5002. In *Northern Pipeline,* the Supreme Court upheld the dismissal of a civil action for breach of contract brought by the debtor, Northern Pipeline, against Marathon in the bankruptcy court as a matter related to the bankruptcy. The Supreme Court held that the Reform Act's grant of jurisdiction [6] over such related, non-bankruptcy matters to the adjunct bankruptcy courts was in violation of Article III of the Constitution.

In response to the holding of the Supreme Court in *Northern Pipeline,* the district judges for the Northern District of Ohio issued General Order No. 61 to provide for the administration of bankruptcy matters until Congress can act in regard to the decision in *Northern Pipeline.* General Order No. 61 continues to automatically refer all bankruptcy matters to the adjunct bankruptcy court. Bankruptcy judges are empowered to perform all acts and duties necessary for the handling of those cases with certain exceptions that are not relevant to the issues presented in this case. However, the General Order also requires district judges to review the actions of bankruptcy judges in all related, non-bankruptcy proceedings and to enter final judgment in such proceedings instead of the bankruptcy judge.

The bankruptcy judge in the present cases, as alternative grounds for his decision, interpreted *Northern Pipeline* to hold that the entire grant of jurisdiction to the adjunct bankruptcy courts in 28 U.S.C. § 1471 was unconstitutional. The bankruptcy judge held that in operating under General Order No. 61 bankruptcy judges, in all matters including the appointment of attorneys for debtors, act on behalf of the district judges. In effect, the bankruptcy judge held that *Northern Pipeline* eliminated the dual bankruptcy court system established by Congress and that there was only one court, district court. Thus, the bankruptcy court concluded that district judges were actually the judges making appoint-

---

**6.** 28 U.S.C. § 1471.

ments for purposes of Bankruptcy Rule 5002 and, therefore, relatives of district judges may not be appointed as attorneys by bankruptcy judges.

Initially, the Court notes that the bankruptcy judge's position on appointments is inconsistent with his actions. On the one hand, he holds that bankruptcy judges are merely employees of the district judges. But, on the other hand, the bankruptcy judge in these cases acted independently of the district judges by making appointments without prior consultation with the district judges.

■ In any event, this Court does not read the holding of *Northern Pipeline* as broadly as did the bankruptcy judge. *Northern Pipeline* merely held that the exercise of jurisdiction by bankruptcy judges over related proceedings involving Article III functions was unconstitutional. *Northern Pipeline* did not hold that bankruptcy judges could not constitutionally enter final orders in matters relating solely to the administration of a bankrupt's estate. Accordingly, this Court finds that the Supreme Court's holding in *Northern Pipeline* did not extinguish the dual bankruptcy court system established by Congress and, thus, does not prohibit bankruptcy judges, who are clearly judges of a separate court, from appointing relatives of district judges in applying Bankruptcy Rule 5002.

In short, the bankruptcy judge held that *Northern Pipeline* in effect repealed the Bankruptcy Reform Act, thereby eliminating the bankruptcy courts. Thus, the bankruptcy judge concluded that there is only one court that hears bankruptcy matters, the district court, with bankruptcy judges and their staffs merely working as employees of the district judges. This would make district court the "court" referred to in Rule 5002.

However, the bankruptcy judge is wrong. *Northern Pipeline* held *only* that bankruptcy judges cannot hear and decide Article III issues. Bankruptcy judges can continue to hear non-Article III matters. Thus, bankruptcy court is alive, well, operating, and

has not been extinguished as the bankruptcy judge believes.

In summary, this Court finds, based on the specific language of Bankruptcy Rule 5002, its history, purpose and function, that Bankruptcy Rule 5002 does not preclude the appointment by bankruptcy judges of relatives of district judges.

■ The parties raise additional issues. In the two Hilltop cases, appellants John J. Guy and Guy, Metzer and Towne also assert that Bankruptcy Rule 5002 is invalid pursuant to 28 U.S.C. § 2075. Section 2075 authorized the Supreme Court to prescribe rules of procedure in cases under Title 11 of the United States Code. The authority granted by § 2075 was strictly limited to procedural rules, as the statute expressly stated "[s]uch rules shall not abridge, enlarge, or modify any substantive right." Appellants argue that Bankruptcy Rule 5002 is actually a substantive provision which does abridge, enlarge, and/or modify substantive rights under the bankruptcy code.

The Court finds this argument to be clearly without merit. Bankruptcy Rule 5002 is without doubt a procedural rule within the authority of the Supreme Court under 28 U.S.C. § 2075. See *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

In their briefs, the parties have raised other issues concerning the applicability of 28 U.S.C. §§ 455 and 458. However, this Court finds that neither provision has any relation to the issues presented in these cases. Section 455 specifies the circumstances in which a federal judge or magistrate should disqualify himself from hearing a case. Section 458 prohibits the employment of, as a member of a court's staff, the relatives of any judge of that court. Bankruptcy Rule 5002, the provision at issue in this case, prohibits a bankruptcy judge or a district judge from appointing attorneys or various other professionals, to represent a debtor when the person to be appointed is related to a judge of the appointing court. Each of these three provisions serve separate and distinct functions

without any interrelationship among them. Therefore, the Court finds the discussion of sections 455 and 458 by the parties irrelevant to the resolution of the issues raised by these cases.

In conclusion, the bankruptcy judge's previous orders in these cases regarding appointment of counsel are hereby vacated. All three cases are remanded to the bankruptcy judge for consideration of the debtors' applications for appointment of counsel in a manner consistent with this memorandum of opinion and order.

IT IS SO ORDERED.