In re Robert Dale CROSSLIN, Debtor.

**FIRST AMERICAN NATIONAL BANK, Plaintiff,**

v.

**Robert Dale CROSSLIN, Defendant.**

Bankruptcy No. 379–02056.
Adv. No. 380–0020.

United States Bankruptcy Court,
M. D. Tennessee.

Sept. 30, 1981.

L. Wearen Hughes, Nashville, Tenn., for plaintiff.

Stan Reynolds, Dickson, Tenn., for defendant.

MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

In an opinion rendered in another case on June 25, 1981, this court concluded that when a debt is determined to be nondischargeable under the fraud exception provided by 11 U.S.C. § 523(a)(2)(A), relief is measured by the benefit-of-the-bargain rule thereby entitling the creditor to the contract price of goods fraudulently purchased and finance charges computed at the contract rate. *Castner Knott Co. v. Wilson*, 12 B.R. 363 (Bkrtcy., M.D.Tenn., June 25, 1981). In that proceeding the creditor did not seek recovery of attorneys' fees as provided in the contract with the debtor. Thus, the court did not consider whether the relief available to the creditor included recovery of such fees.

By judgment entered herein on June 29, 1981, this court applied *Wilson* and held that the plaintiff bank was entitled to recover the face amount of charge tickets executed by the debtor together with finance charges at the contract rate. The bank has filed a timely motion requesting that this judgment be amended to include its reasonable attorneys' fees as provided in its contract with the debtor. A hearing was held on that motion and the attorney for the debtor indicated that he had no objection to the amount of the fee being sought by the bank if the relief available to that creditor under the fraud exception to the discharge includes such fees. The court recognized in *Wilson* that no court which has focused on this issue has permitted a creditor to recover such fees in a fraud dischargeability proceeding. The court's decision to apply the benefit-of-the-bargain rule was itself, however, a significant departure from prior case law.

In re-evaluating the measure of relief available to creditors under the fraud exception to the discharge, this court was influenced by the decision of the Ninth Circuit Court of Appeals in *Grove v. Fulwiler*, 624 F.2d 908 (9th Cir., 1980). In that proceeding under the old Bankruptcy Act of 1898, the court declined to permit a bankrupt, who had been successful in a fraud dischargeability proceeding, to recover attorneys' fees from the creditor. The bankrupt had invoked a state statute which provided that attorney's fee clauses in contracts were reciprocally binding. Rejecting the classification of such dischargeability proceedings as being either in "tort" or "contract" that court concluded that bankruptcy policy considerations should control the award of such fees.

This court noted in *Wilson* that courts have applied the benefit-of-the-bargain rule in nonbankruptcy fraud cases because it discourages fraudulent conduct. This court concluded that bankruptcy policy considerations mandated the application of that measure of relief in fraud proceedings in this court for the same reason.

It is difficult to locate nonbankruptcy opinions addressing the issue now before the court since in such cases creditors seeking such relief merely bring suit on the contract. It would appear as a matter of logic, however, that the benefit-of-the-bargain rule should entitle the creditor to all of its rights under the contract, including recovery of a reasonable attorney's fee. Since this court has adopted the benefit-of-the-bargain rule for the purpose of discouraging fraudulent conduct, the relief available to creditors should not be diminished by the filing of a bankruptcy petition by a dishonest debtor.

It would appear that this result is buttressed by 11 U.S.C. § 523(d) which provides:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against the creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

11 U.S.C. § 523(d) (1979). The legislative history of this provision is informative:

Subsection (d) is new. It provides protection to a consumer debtor that dealt *honestly* with a creditor who sought to have a debt excepted from discharge on grounds of falsity in the incurring of the debt. The debtor is entitled to costs of and a reasonable attorney's fee for the proceeding to determine the dischargeability of a debt under subsection (a)(2), if the creditor initiated the proceeding and the debt was determined to be dischargeable. The court is permitted to award any actual pecuniary loss that the debtor may have suffered as a result of the proceeding (such as loss of a day's pay). The purpose of the provision is to discourage creditors from initiating false financial statement exception to discharge actions in the hopes of obtaining a settlement from an *honest debtor* anxious to save attorney's fees. Such practices impair the debtor's fresh start.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 [emphasis added]. The Senate report also emphasized the intention to protect the consumer debtor that had dealt honestly with a creditor. S.Rep. No. 95–989, 95th Cong., 2d Sess. 80 (1978). The fact that Congress has stressed that this provision has been added to the law to protect honest debtors is consistent with the rationale of *Wilson* which stressed that the bankruptcy statutes were intended to protect honest, not dishonest, debtors. It is also consistent with including reasonable attorneys' fees, if provided in the contract, in the relief available to the defrauded creditor. It is only after a creditor has carried the substantial burden of proving that the debtor had committed actual fraud that the creditor would be entitled to recover such fees. Under 11 U.S.C. § 523(d) an honest consumer debtor can defend against an unwarranted fraud dischargeability proceeding initiated by a creditor without concern for the payment of any attorneys' fees.

If it is appropriate as a matter of bankruptcy policy to provide for the recovery by honest debtors of attorneys' fees when they are successful in fraud dischargeability proceedings, it would appear to be equally appropriate as a matter of bankruptcy policy to permit honest creditors to recover attorneys' fees which dishonest debtors have contracted to pay. The bankruptcy policy considerations are the same—to ensure that the honest do not forfeit their rights out of concern for the expenses of litigation.

The attorney for the debtor having agreed that a $1,000 fee would be reasonable provided that an affidavit by the bank's attorney reflected that sufficient time had been devoted to this matter to justify such a fee and such an affidavit having been filed, an appropriate order will be entered amending the judgment to add this sum.