In re Joseph R. FOSTER, Debtor.

**Charlie M. PRIMM, Plaintiff,**

**v.**

**Joseph R. FOSTER, Defendant.**

**Bankruptcy No. 382–02840.**
**Adv. No. 382–0723.**

United States Bankruptcy Court,
M.D. Tennessee.

April 12, 1984.

Linda Knight, M. Taylor Harris, Jr., Martin & Cochran, Nashville, Tenn., for plaintiff.

Dan R. Alexander, Nashville, Tenn., for debtor/defendant.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issues are: (1) whether plaintiff's loan to the debtor was obtained by fraud and is nondischargeable under 11 U.S.C.A. § 523(a)(2)(A) (West 1979); (2) whether plaintiff is entitled to prejudgment and postjudgment interest at 18%, the rate provided in the promissory note; and (3) whether plaintiff may recover attorneys' fees from the debtor as called for in the note. For the reasons stated at the conclusion of proof in open court on January 27, 1984, the $9,500 debt is NONDISCHARGEABLE. After consideration of the arguments, briefs and applicable authority, the court finds that the plaintiff is also entitled to receive 18% interest from the date of the loan until satisfaction of the judgment, and reasonable attorneys' fees.

The following constitute supplementary findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

The debtor does not strenuously dispute that the plaintiff is entitled to interest on the nondischargeable judgment. The parties disagree, however, on the appropriate rate of interest. The plaintiff argues that he should receive 18% interest, the rate specified by the promissory note, pre- and post judgment. The defendant/debtor argues that 18% interest is allowable only during the term of the note and that the Tennessee statutory rate of 10% applies after the note became due on February 25, 1982 and after judgment in this court.

The court finds that interest should be calculated at the rate of 18%. In *Castner Knott Co. v. Wilson*, 12 B.R. 363 (Bkrtcy.M.D.Tenn.1981) this court held that when a debt is excepted from discharge under 11 U.S.C.A. § 523(a)(2)(A) (West 1979) a plaintiff should recover a judgment measured by the "benefit-of-the-bargain rule." The "benefit-of-the-bargain" in this case requires that the plaintiff receive the rate of interest bargained for between the parties. Applying the contract rate of interest serves the dual policy of making the plaintiff whole as well as discouraging fraudulent conduct.

Nonbankruptcy courts have adopted the benefit-of-the-bargain rule primarily because it discourages fraudulent conduct. If nonbankruptcy courts have adopted that rule for this purpose, how much more compelling it is for the bankruptcy courts to do so in fraud dischargeability proceedings. If this court were to ... limit the relief of the creditor ... to its out-of-pocket expenses, the debtor's fraud would be rewarded. She would be able to ... finance her acquisition at the Tennessee statutory rate of interest, which at eight percent is substantially lower than otherwise available. Such a decision would have the effect of encouraging fraud. When the debtor has obtained property by fraudulent representations ... the creditor is entitled to such

damages measured by the contract purchase price plus interest and/or finance charges as provided in the contract. *Castner Knott Co. v. Wilson,* 12 B.R. at 370. *See also Builders Lumber & Supply Co. v. Fasulo,* 25 B.R. 583, 586 (Bkrtcy.D. Conn.1982) (where debts are excepted from discharge under § 523(a)(2), the "benefit-of-the-bargain rule" allows recovery at the contract rate of interest). The plaintiff is, therefore, entitled to receive 18% interest on the $9,500 nondischargeable debt. Interest is accumulating at the rate of $4.68 per day.[1]

■ Where applicable in a bankruptcy case or proceeding,[2] the state statutory rate of interest argued by the debtor is utilized only when the note, contract, or other writing is silent on the appropriate rate of interest. T.C.A. § 47–14–123 governs pre-judgment interest and provides in pertinent part:

> Pre-judgment interest ... may be awarded ... at any rate not in excess of a maximum effective rate of ten percent (10%) per annum; *provided, however, that with respect to contracts subject to § 47–14–103, the maximum effective rate of pre-judgment interest so awarded shall be the same as set by that section for the particular category of transaction involved.* (emphasis added).

T.C.A. § 47–14–121 governing post-judgment interest states:

> Interest on judgments ... shall be computed at the effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute; *provided, however, that where a judgment is based on a note, contract, or other writing fixing a rate of interest ... the judgment shall bear the interest at the rate so fixed.* (emphasis added).

The note in this case is a writing (T.C.A. § 47–14–103(2)) and provides a maximum rate of interest of 18%. The bargained for rate of 18% controls and is properly applied to the nondischargeable debt.

■ The court also finds that plaintiff is entitled to recover reasonable attorneys' fees incurred to collect this nondischargeable obligation.[3] Attorneys' fees are recoverable as part of a nondischargeable judgment if allowed by the note or other contract. *First American National Bank v.*

---

1. The figure is based on 18% interest applied to the $9,500 principal. The $5.16 per day figure proposed by the plaintiff is inappropriate as allowing interest to be paid on the interest provided in the original note.

2. 28 U.S.C.S. § 1961 (West Supp.1983) tells us the appropriate interest rate to be applied to a money judgment in a civil case "in a district court." There does not appear to be any parallel provision of Title 28 requiring a particular interest rate on a money judgment in the United States *Bankruptcy* Court. Though at times, and for some purposes, the "bankruptcy courts" and the "district courts" have been equated, *see White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254, 262 n. 4 (6th Cir.1983) (United States District Court is a Bankruptcy Court for purposes of exercising the power contained in § 105 of the bankruptcy Code), more often the separate statutory identities of these courts have been rigorously maintained. *See In re Hilltop Sand & Gravel, Inc.,* 35 B.R. 412 (N.D.Ohio 1983) (Bankruptcy court is a separate and distinct court from the district court, therefore Bankruptcy Rule 5002 does not prohibit a bankruptcy court from appointing a relative of the district court judge as attorney for the debtor).
 Prior to the 1982 amendments to 28 U.S.C.S. § 1961, district courts were directed to consult state law for the appropriate interest rate on judgments in civil cases. There is at least a suggestion in prior decisions of this court that state law has application to determining the interest rate on bankruptcy court judgments. *See Castner Knott Co. v. Wilson,* 12 B.R. at 371. The Federal Courts Improvement Act of 1982, P.L. 97–164, fixes a wholly new interest rate not based on state law but based on the average auction price for 52-week Treasury Bills. *See also In re Jewell,* 25 B.R. 44, 46 (Bkrtcy.D.Kan. 1982). Section 1961(a) specifically applies this new rate to judgments "in a district court" and other subsections discuss the interest rate applicable to tax cases, to judgments against the government and to judgments in the court of claims. Section 1961(c)(4) states: "This section shall not be construed to affect the interest on any judgment of any court not specified in this section." The debtor makes no argument and the parties have not briefed the question whether § 1961 has application in bankruptcy cases and proceedings. The question is expressly reserved.

3. The plaintiff filed a post-trial motion for inclusion of attorneys' fees on February 21, 1984.

*Crosslin,* 14 B.R. 656 (Bkrtcy.M.D.Tenn. 1981); *First American National Bank v. Carter,* 14 B.R. 422 (Bkrtcy.M.D.Tenn. 1981). *See also Builders Lumber & Supply Co. v. Fasulo,* 25 B.R. at 586 (attorneys' fees are recoverable if specifically provided for by contract, note or other written arrangement). In *Crosslin,* Judge Russell Hippe explained:

> If it is appropriate as a matter of bankruptcy policy to provide for the recovery by honest debtors of attorneys' fees when they are successful in fraud dischargeability proceeding, it would appear to be equally appropriate as a matter of bankruptcy policy to permit honest creditors to recover attorneys' fees which dishonest debtors have contracted to pay. The bankruptcy policy considerations are the same—to insure that the honest do not forfeit their rights out of concern for the expenses of litigation.

*First American National Bank v. Crosslin,* 14 B.R. at 658. The note in this case specifically provides that "makers, endorsers, sureties or guarantors hereof, hereby severally agree to pay all costs of collection, including reasonable attorney's fees and legal expenses." This language is arguably broad enough to include this action under § 523. Plaintiff is, therefore, entitled to costs and reasonable attorneys' fees upon the submission of proper documentation.[4]

 The debtor's argument that attorneys' fees should be discharged because one of plaintiff's attorneys was scheduled as a creditor is rejected. The components of this nondischargeable debt are not separable. This court noted after an extensive analysis of Tennessee law that "Tennessee courts have consistently held that the provision of payment of attorneys' fees in a note is a constituent part of the basic obligation." (citations omitted). *In re Frost,*

1 B.R. 313, 320 (Bkrtcy.M.D.Tenn.1979). When a debt evidenced by a note or other contract allowing attorneys' fees and other costs of collection is determined nondischargeable, the attendant attorneys' fees and costs are similarly nondischargeable.

Accordingly, plaintiff should recover a nondischargeable debt in the principal amount of $9,500 together with 18% interest accumulated since August 4, 1981. Plaintiff is also entitled to a judgment for reasonable attorneys' fees. Plaintiff's attorneys are directed to file affidavits within twenty (20) days detailing time and expenses.

An appropriate judgment will be entered.

---

**4.** The plaintiff's attorneys filed an affidavit with their motion for attorneys' fees indicating that M. Taylor Harris, Jr. provided 27.6 hours of service and Linda W. Knight provided 107 hours of service representing the plaintiff. These conclusory statements are insufficient for the court to make the required findings before

approving a fee request. *See, e.g., Cle-Ware Industries v. Sokolsky,* 493 F.2d 863, 869 (6th Cir.1974); *First National Bank v. Niccum (In re Permian Anchor Services, Inc.),* 649 F.2d 763 (10th Cir.1981); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).