**In re Charles W. ZIEGLER, III and Winnie N. Ziegler, Debtors.**

**E. Ralph LUPIN, M.D., Plaintiff,**

**v.**

**Charles W. ZIEGLER, III, Defendant.**

**Bankruptcy No. A–B–89–10262.**
**Adv. No. 89–0201.**

United States Bankruptcy Court,
W.D. North Carolina.

Nov. 8, 1989.

Edward C. Hay, Asheville, N.C., for debtors/defendant.

Albert L. Sneed, Jr., Asheville, N.C., for plaintiff.

## MEMORANDUM OPINION AND ORDER

GEORGE R. HODGES, Bankruptcy Judge.

This matter is before the court on the plaintiff's motion for summary judgment and the defendant debtor's response thereto. The court has concluded that the plaintiff's motion should be granted.

*Findings of Fact*

In June 1988, Dr. Ralph Lupin brought an action for malicious prosecution against Charles Ziegler in the United States District Court for the Eastern District of Louisiana. That action was based upon an earlier suit that had been brought in May 1977 by Ziegler against Lupin. In that earlier suit, Ziegler accused Lupin of conspiracy, fraud, and other improper acts in connection with a nursing home the two had worked to develop. Because Ziegler's claims were wrongful, Lupin recovered a judgment in his malicious prosecution suit for $18,398.70. The portion of this award allocated as actual damages was $7,500.00. The remainder, or $10,898.70, represented attorneys' fees and costs incurred by Lupin in defending against Ziegler's maliciously prosecuted action. Subsequent to the entry of Lupin's judgment, Ziegler filed a petition under Chapter 7 of the Bankruptcy Code seeking a discharge of his debts—including Lupin's judgment. Lupin then instituted this adversary proceeding to recover the amount of the judgment and to have the judgment debt declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) as

**174**

willful and malicious injury to him and his property.

*Conclusions of Law*

I. A judgment against a debtor for malicious prosecution is a non-dischargeable debt as contemplated by 11 U.S.C. § 523(a)(6).

Section 523(a)(6) of the Code excepts from discharge "any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity; ..." 11 U.S.C. § 523(a)(6). It is significant to note that the words "willful" and "malicious" are stated in the conjunctive, and both elements must be present before a finding of non-dischargeability can be made. The act of the debtor which must satisfy each of these elements in the present case is his malicious prosecution of Lupin.

█ The case law regarding the meaning of "willful" and "malicious" in the context of § 523(a)(6) is well-settled, and has previously been discussed by this court. *See United States v. Nielson (In re Nielson)*, 97 B.R. 269 (Bkrtcy.W.D.N.C.1989). The word "willful" simply means to act in a deliberate or intentional manner. *St. Paul Fire and Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009 (4th Cir.1985); *Barclays American/Business Credit v. Long (In re Long)*, 774 F.2d 875, 879–82 (8th Cir.1985); *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 245 (5th Cir.1980). "[M]alice ... [is] not defined in terms of hatred, ill will or spite, but [means] implied or constructive malice resulting from a wrongful act done intentionally and without justification or excuse." *First Nat'l. Bank of Neenah v. Grace (Matter of Grace)*, 22 B.R. 653, 655 (Bkrtcy.E.D.Wis.1982). *See also, St. Paul*, 779 F.2d at 879–82, *Barclays*, 774 F.2d at 245; *Seven Elves*, 704 F.2d at 245. The Fourth Circuit has held that a showing of special malice is not required. "Implied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances, is suffi-

cient under 11 U.S.C. § 523(a)(6)." *St. Paul*, 779 F.2d at 1010. Thus, "case law ... clearly indicate[s] that a deliberate and intentional act committed without just cause with injurious consequences ensuing constitutes the requisite degree of malice and willfulness under § 523(a)(6)." *McGovern v. Capparelli (In re Capparelli)*, 33 B.R. 360, 365 (Bkrtcy.S.D.N.Y.1983).

█ While it is true that other circuits have adopted the clear and convincing standard of proof for suits brought under § 523 [1], the Fourth Circuit has adopted the lower preponderance of the evidence standard, and that rule is binding on this court. *Combs. v. Richardson*, 838 F.2d 112 (4th Cir.1988). The findings of the Louisiana district court are extremely persuasive, and they leave little doubt that Ziegler's actions against Lupin satisfy the preponderance standard and were "willful and malicious" as contemplated by § 523(a)(6). (In fact the evidence here would satisfy even the higher clear and convincing standard). In order to succeed in his malicious prosecution suit against the debtor, Lupin had to prove both the absence of probable cause and the presence of malice. Lupin was successful on both counts. As stated by Judge Schwartz in his opinion:

[T]he egregious action of Ziegler's amending his pleadings to allege a fraudulent conspiracy knowing there was no such factual basis and solely in order to prevent a dismissal of his claim is an ... appropriate basis for inferring malice.

*Lupin v. Ziegler*, No. 87–1877, slip op. at 8, 1988 WL 86831 (E.D.La. August 9, 1988). The court went on to state that:

Inasmuch as Ziegler is a knowledgeable investor and businessman and is fully aware of the implications of the filing of process and the implications of the verification thereof, these actions on his part constitute malicious prosecution of a lawsuit against Lupin, without probable cause.

*Lupin*, No. 87–1877, slip op. at 6.

This court's finding that Ziegler's actions satisfy the "willful and malicious" standard

---

**1.** *See Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577 (11th Cir.1986); *Driggs v. Black (In re Black)*, 787 F.2d 503 (10th Cir.1986); *Martin v.*

*Bank of Germantown (In re Martin)*, 761 F.2d 1163 (6th Cir.1985); *Matter of Bogstad*, 779 F.2d 370 (7th Cir.1985).

is also supported by the result reached in *McGovern v. Capparelli (In re Capparelli)*, 33 B.R. 360 (Bkrtcy.S.D.N.Y.1983). In that case, the plaintiff sought to have a judgment obtained against the debtor in a malicious prosecution case declared non-dischargeable under § 523(a)(6). The state court's findings of fact revealed that the debtor had falsely accused the plaintiff of an assault, and the plaintiff was wrongly arrested and jailed as a result. The bankruptcy court viewed these facts as meeting a clear and convincing standard of proof under § 523(a)(6) and found the judgment to be non-dischargeable.

The conduct of Ziegler in the present case can clearly be compared to that of the debtor in *McGovern*, especially in light of the lower standard of proof required in the Fourth Circuit. If the actions of the debtor in *McGovern* were sufficient to meet a clear and convincing standard of proof, then Ziegler's actions against Lupin, which were just as severe, should satisfy the less stringent preponderance standard. At least two other courts have also found judgments for malicious prosecution to satisfy the "willful and malicious" standard of § 523(a)(6). *See York v. Shepherd (In re Shepherd)*, 56 B.R. 218 (W.D.Va.1985); *Hardin v. Caldwell (In re Caldwell)*, 60 B.R. 214 (Bkrtcy.E.D.Tenn.1986).

Accordingly, this court concludes that a judgment obtained against a debtor in a malicious prosecution case is non-dischargeable under § 523(a)(6) as a debt resulting from a willful and malicious injury by the debtor to the person and property of another.

II. Attorneys' fees assessed as part of a judgment against a debtor in a malicious prosecution case are non-dischargeable under 11 U.S.C. § 523(a)(6).

Whether attorneys' fees assessed as part of a pre-bankruptcy judgment against the debtor are dischargeable under § 523 is a frequently litigated issue, and as a general rule, such fees are excepted from discharge. Even though most courts are in agreement that discharge as to such fees should be denied, there is still much disagreement over the proper legal theory which should govern such a denial. This court's survey of the case law in this area has revealed two primary theories, one advocated by the Second, Seventh and Eighth Circuits and one put forth by the Sixth Circuit, both of which could be applied to deny discharge of Lupin's fee award under the facts of this case. Because the specific issue here is one of first impression, each of these theories must be examined in order to determine which theory will be followed in this district.

The approach advocated by the Second, Seventh and Eighth Circuits is simply that "the dischargeability of ancillary obligations such as attorney's fees turn on the dischargeability of the underlying debt...." *DuPhily v. DuPhily*, 52 B.R. 971, 978 (D.Del.1985). This rule appears to have been first applied to attorneys' fees incurred in connection with alimony and support suits brought pursuant to § 523(a)(5).[2] Because the attorneys' fees in such cases were viewed as being "directly related" to a custodial spouse's enforcement of his or her support rights, the courts denied discharge to the fees with little hesitation. *Long v. Long (In re Long)*, 39 B.R. 535 (Bkrtcy.W.D.Ky.1984). Thus, if the alimony or support obligation were found by a court to be non-dischargeable, then the attorneys' fees incurred to enforce that obligation were non-dischargeable as well. *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9–11 (2d Cir.1981); *MacDonald v. MacDonald (In re MacDonald)*, 69 B.R. 259, 278 (Bkrtcy.D.N.J. 1986); *Chambers v. Chambers (Matter of Chambers)*, 36 B.R. 42, 46 (Bkrtcy.W.D. Wis.1984); *LaFleur v. LaFleur (In re La-*

**2.** *See, e.g., Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir.1981); *DuPhily v. DuPhily*, 52 B.R. 971 (D.Del.1985); *MacDonald v. MacDonald (In re MacDonald)*, 69 B.R. 259 (Bkrtcy. D.N.J.1986); *Davis v. Hamanaka (In re Hamanaka)*, 53 B.R. 320 (Bkrtcy.S.D.N.Y.1985); *Chambers v. Chambers (Matter of Chambers)*, 36 B.R. 42 (Bkrtcy.W.D.Wis.1984), *LaFleur v. LaFleur (In re LaFleur)*, 11 B.R. 26 (Bkrtcy.D. Mass.1981); *Dorman v. Dorman (In re Dorman)*, 3 C.B.C.2d 497 (Bkrtcy.D.N.J.1981).

*Fleur*), 11 B.R. 26, 29 (Bkrtcy.D.Mass. 1981); *Dorman v. Dorman (In re Dorman*) 3 C.B.C.2d 497, 502 (Bkrtcy.D.N.J. 1981).

In *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987), the Seventh Circuit extended the application of the approach used in the alimony and support cases to suits concerning the debtor's fraud or misrepresentation brought under § 523(a)(4). In *Klingman,* the debtor had appealed a judgment from the district court in which a state court consent judgment was found to be nondischargeable. The district court determined that the debt was "for fraud or defalcation while acting in a fiduciary capacity" as delineated by § 523(a)(4), and that the debtor was thereby prevented from the judgment's discharge. As a part of the judgment, the district court awarded the plaintiff its attorney's fees. The Seventh Circuit agreed with the lower court's actions stating:

> The district court also correctly decided that the award of attorney's fees is nondischargeable. 'Ancillary obligations such as attorneys' fees and interest may attach to the primary debt; consequently, their status depends on that of the primary debt.'

*Klingman,* 831 F.2d at 1296 (quoting *Jennen v. Hunter (In re Hunter*), 771 F.2d 1126, 1131 (8th Cir.1985)).

Similar results have been reached in cases involving issues of dischargeability under § 523(a)(2). *See Jennen v. Hunter (In re Hunter*), 771 F.2d 1126 (8th Cir. 1985); *cf., Morris Plan Co. of Iowa v. Benedict (In re Benedict*), 15 B.R. 675 (Bkrtcy.W.D.Mo.1981) (unconscionable to award fees simply on basis that plaintiff had prevailed in prior fraud action against debtor). Thus, it would appear that the Second, Seventh and Eighth Circuits would deny discharge to attorneys' fees as long as the underlying debt which gave rise to those fees is non-dischargeable.

The Sixth Circuit has adopted a more limited view toward allowing awards of fees under § 523. In *Martin v. Bank of Germantown (In re Martin*), 761 F.2d 1163 (6th Cir.1985), the debtors filed a false financial statement with their bank in order to obtain credit. When the bank discovered the fraud, it brought the suit under § 523(a)(2) to have the debt and any attorneys' fees and costs associated with its collection declared non-dischargeable. As part of its analysis the Sixth Circuit recognized that § 523(d) only awards fees to prevailing debtors [3], but the court was not convinced that the language of subsection (d) prevented creditors from collecting attorneys' fees based on some independent right. Therefore, the court concluded that "creditors are entitled to recover attorney's fees in bankruptcy claims if they have a contractual right to them valid under state law...." *Martin,* 761 F.2d at 1168. Since the debtors' note with the bank included a clause providing for attorneys' fees, the court viewed the fees incurred by the bank as legitimately non-dischargeable.

A majority of the courts deciding cases under § 523(a)(2) and (4) agree with the reasoning in *Martin,* apparently sharing the Sixth Circuit's view that an award of attorneys' fees to a creditor needs to be reconciled with the language of § 523(d). *See, e.g., First Interstate Bank of Washington, D.C. v. Hecker (In re Hecker*), 95 B.R. 1 (Bkrtcy.D.C.1989); *De Voe v. Cheatham (Matter of Cheatham*), 44 B.R. 4 (Bkrtcy.N.D.Ala.1984); *Primm v. Foster (In re Foster*), 38 B.R. 639 (Bkrtcy.M.D. Tenn.1984); *First Am. Nat'l. Bank v. Crosslin (In re Crosslin*), 14 B.R. 656 (Bkrtcy.M.D.Tenn.1981).

The legislative history of § 523(d) [4] lends support to the position of these courts. If

---

**3.** 11 U.S.C. § 523(d) provides:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

**4.** For a discussion of the legislative history of § 523(d), see *First Am. Nat'l. Bank v. Crosslin*

Congress had intended to award attorneys' fees to prevailing creditors, § 523(d) would be the logical location to include appropriate language. In spite of this, neither subsection (d) nor its legislative history contains any such language.[5] Instead, Congress chose to limit awards of fees to prevailing debtors in cases under § 523(a)(2). Faced with this Congressional limitation, courts utilizing the Sixth Circuit's reasoning award attorneys' fees only when the creditor has some independent basis for recovery, such as a statute or contract. *Id.*

The difference between the two approaches outlined above is clear. The Sixth Circuit advocates a view that is consistent with the common law rule against attorneys' fees, and it gives a literal reading to the provisions of § 523. The Second, Seventh and Eighth Circuits give the words "any debt" in § 523(a) a broad meaning, and this results in an approach that would allow creditors to recover attorneys' fees in nearly all cases under § 523, as long as the non-dischargeability of the underlying debt is proven. The disadvantage of the Sixth Circuit approach is that it would result in a denial of attorneys' fees to creditors in all cases under § 523 in which a creditor does not have a statute or contract to protect him. In spite of this, the logic of the Sixth Circuit view outweighs any advantage gained by the broader approach of other circuits. By allowing the attorneys' fees to stand or fall with the primary debt, a court is, in effect, making the attorneys' fees a part of that debt under the language of § 523(a). This broad construction seems contrary to the general rule that § 523 should be strictly construed against creditors and liberally in favor of the debtor.

*In re Rahm*, 641 F.2d 755, 756–57 (9th Cir.), *cert. denied*, 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981). Admittedly, the broad construction of the Second, Seventh and Eighth Circuits is persuasive in alimony and support cases because the money which the custodial spouse is forced to expend on attorneys' fees could have otherwise been used for support expenses. But to attempt an analogy between these cases and suits brought under § 523(a)(2), (4) and (6) is difficult. Attorneys' fees incurred in these latter suits are simply not as closely related to the underlying debt.

Moreover, the concern over the language of § 523(d) expressed by courts following the Sixth Circuit view seems justified. The limiting language of subsection (d) and its legislative history are certainly more consistent with a narrow rule, which allows attorneys' fees only when based on a contract or statute, than with a broad rule which allows fees in nearly every instance. In no way does the legislative history of subsection (d) indicate that Congressional intent to allow attorneys' fees extended to other areas covered by § 523 such as fiduciary fraud and willful and malicious injury.

■ After evaluating the rationale behind both the theory of the Second, Seventh and Eighth Circuits and the theory of the Sixth Circuit as each relates to the language and objective of § 523, this court adopts the latter approach as expressed in *In re Martin* to supply the result in the present case. In Louisiana, statutory authority vests courts with wide discretion in assessing damage awards. *See Jones v. Soileau*, 448 So.2d 1268, 1273 (La.1984);

(*In re Crosslin*), 14 B.R. 656, 657–58 (Bkrtcy.M.D.Tenn.1981).

5. The House report accompanying § 523(d) provides:

Subsection (d) is new. It provides protection to a consumer debtor that dealt honestly with a creditor who sought to have a debt excepted from discharge on grounds of falsity in the incurring of the debt. The debtor is entitled to costs of and a reasonable attorney's fee for the proceeding to determine the dischargeability of a debt under subsection (a)(2), if the creditor initiated the proceeding and the debt was determined to be dischargeable. The court is permitted to award any actual pecuniary loss that the debtor may have suffered as a result of the proceeding (such as loss of a day's pay). The purpose of the provision is to discourage creditors from initiating false financial statement exception to discharge actions in the hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5963, 6321.

LSA—C.C. Art. 1934, subd. 3. While it is not so stated in the text of Judge Schwartz's opinion [6], this statutory authority must have formed the basis for the district court's fee award. Accordingly, this statute applies the necessary basis for allowing Lupin's judgment to include his attorneys' fees and make them non-dischargeable under § 523(a)(6). It should be noted that the result in this case leaves unresolved the issue of whether attorneys' fees are discharged when there is no statute or contract which supplies an independent basis for their recovery.

III. Summary judgment is appropriate in this case.

■ This case is before the court on plaintiff's motion for summary judgment. The standard applicable to such a motion is found in Fed.R.Civ.Proc. 56(c):

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), the Supreme Court emphasized that:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party case necessarily renders all other facts immaterial.

The defendant, Ziegler has challenged plaintiff's motion here by, among other things, pointing out certain things that are unknown about the Louisiana judgment, but there are no genuine issues of material fact that have been shown to be in dispute. All that is going to be known about the Louisiana judgment is presently before the court. (And that which is not specifically "known" is not material or can be supplied by operation of law). The defendant did not submit any affidavits or other evidence in response to the motion for summary judgment. Neither has defendant suggested that the malicious prosecution case be re-tried here, as that would have obviously been improper. In summary, it appears this court has before it at this point all of the facts that would be presented if the pending motion were denied and the case were tried in full. Consequently, this case is an appropriate case for determination by summary judgment. Such judgment will be entered in accordance with the findings and conclusions stated above.

It is therefore ORDERED that:

1. Plaintiff's motion for summary judgment is granted; and

2. The entire judgment in the amount of $18,398.70 obtained in the Louisiana district court is excepted from discharge under § 523(a)(6).

---

6. *Judge Schwartz stated that*
[t]otal attorneys [sic] fees and costs for defending the State Court matter amounted to the sum of $65,392.33. Plaintiff's share of those is one sixth, or the sum of $10,898.70, for which he is likewise entitled to be compensated.

Ziegler having misled his attorneys as set out heretofore is not entitled to the defense of qualified immunity based upon seeking the advice of his attorneys. *See Jones v. Soileau,* 448 So.2d 1268, 1272 (La.1984).