In re Robert S. BEALE,
Jr., M.D., Debtor.

Laura L. Merriex, et al., Plaintiffs,

v.

Robert S. Beale, Jr., M.D., Defendant.

Bankruptcy No. 99–65815 ESD.
Adversary No. 00–5564 ESD.

United States Bankruptcy Court,
D. Maryland.

Oct. 2, 2000.

Lawrence P. Block, Morrison and Hecker, Washington, DC, for debtor.

Linda M. Correia, Webster, Fredrickson & Brackshaw, Washington, DC, for Tamika L. Steen.

Neil L. Henrichsen, Henrichsen, Siegel, Washington, DC, for Laura L. Merriex and Sharron A. Williams.

### *MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS MOTION FOR SUMMARY JUDGMENT*

MARK B. McFEELEY, Bankruptcy Judge.

Before the court is Plaintiffs Motion for Summary Judgment stemming from a complaint to determine the dischargeability of a debt. The Plaintiffs, Laura L. Merriex, Tamika L. Steen, and Sharron A. Williams, are judgment creditors of the Debtor/Defendant, Robert S. Beale, by virtue of a judgment issued by the Superior Court of the District of Columbia on August 24, 1999. This judgment was amended on June 26, 2000. As the judgment now stands, Plaintiff Merriex is owed $90,000 in compensatory damages plus interest, $25,000 in punitive damages plus interest, $336,440 in attorney's fees, and $22,137.27 in costs [1]. Plaintiff Steen is owed $70,000 in compensatory damages plus interest, $25,000 in punitive damages plus interest, $284,418.50 in attorney's fees and $12,905 in costs. Plaintiff Williams is owed $45,000 in compensatory damages plus interest, $25,000 in punitive damages plus interest, $179,964 in attorney's fees and $11,588.35 in costs. The Order Awarding Attorneys' Fees and Costs further awarded Plaintiffs attorneys' fees for their original counsel, Lorraine K. Phillips, in the amount of $18,102.25. In total, Plaintiffs have judgments against Defen-

---

1. The Court may refer to "attorneys' fees, costs and expenses" or to certain of the terms individually; however, the meaning intended is not altered.

dant for $205,000 in compensatory damages plus interest, $75,000 in punitive damages plus interest, and $865,555.37 in attorneys' fees and costs. The Complaint in this proceeding seeks an order declaring Defendant's debt to Plaintiff nondischargeable pursuant to 11 U.S.C. § 523(a)(6) because it arose from a "willful and malicious injury" by the debtor to Plaintiffs.

Relying on the doctrine of collateral estoppel and the Superior Court for the District of Columbia judgment, Plaintiffs have pressed a motion for summary judgment, supported by a copy of the Order issued by the D.C. Superior Court in Civil Action No. 96–05313 and copies of Verdict Forms and Jury Instructions used by the jury. Defendant opposes Plaintiffs motion on the ground that there is a material issue of fact, which was not litigated or necessarily determined in the state court action, namely, whether Defendant's conduct was willful and malicious under 11 U.S.C. § 523(a)(6). Therefore, as a matter of law, Defendant argues that Plaintiff is not entitled to summary judgment. Defendant's opposition is supported by an affidavit of the Defendant on personal knowledge.

### Facts

The facts are gleaned from the Superior Court's Order awarding attorneys' fees and costs, the Superior Court's Judgment, Verdict Forms and Jury Instructions used at trial, Defendant's affidavit and the representations in Defendant's Opposition to Motion for Summary Judgment, which the court accepts as admissions in considering Plaintiffs motion for summary judgment.

Plaintiffs Laura L. Merriex, Tamika L. Steen, and Sharron A. Williams, were employed by the office of Defendant Robert Beale, M.D. *See Order Awarding Attorneys' Fees and Costs.* They filed a civil action in the Superior Court of the District of Columbia in 1996, alleging to have been the victims of sex discrimination and other wrongs committed by Dr. Beale, while plaintiffs were in his employ. *Id.* The suit was brought under the District of Columbia Human Rights Act ("DCHRA" or "the Act"), D.C.Code Section 1–2501 *et seq.,* against Defendant Robert S. Beale, Jr., M.D., and his corporate medical practice, Robert S. Beale, Jr., M.D., P.C. *Id.* The court conducted the trial in two phases. *Id.* The first phase focused on liability and compensatory damages. Following a thirteen-day trial, the jury rendered verdicts for the Plaintiffs on counts of sexual harassment and retaliation. *Id.* The jury awarded Ms. Merriex, Ms. Steen, and Ms. Williams $90,000, $70,000 and $45,000, respectively, in compensatory damages. *Id.* The court then began the second phase of the trial on punitive damages. The jury again found for Plaintiffs and awarded $25,000 each in punitive damages. As part of its verdict, the jury found "by clear and convincing evidence, that Defendants' actions" toward Plaintiffs (Merriex, Steen and Williams), "in creating a hostile environment, were conducted willfully, with evil motive and actual malice." *August 12, 1999 Verdict Form Parts A.B. and C.*

Plaintiffs subsequently filed motions for attorneys' fees and costs. *See June 26, 2000 Order Awarding Attorneys' Fees and Costs.* On December 7, 1999, Defendant filed a voluntary petition in this Court under Chapter 11 of the Bankruptcy Code ("Code"). *Id.* On March 30, 2000, this Court modified the automatic stay to allow the Superior Court of the District of Columbia to liquidate the attorneys' fees and cost petitions pending against the Debtor. On June 26, 2000, Judge Rafael Diaz of D.C. Superior Court, after a thorough analysis of the Plaintiffs request for fees and costs and Defendant's opposition thereto, awarded Ms. Merriex attorneys' fees and costs in the amount of $358,577.27, Ms. Steen attorneys' fees and costs in the amount of $297,323.50 and Ms. Williams attorneys' fees and costs in the amount of $191.552.35. *Id.* The Superior Court also awarded Plaintiffs' original counsel, Lorraine K. Phillips, $18,102.25. *Id.*

### Summary Judgment Standard

This court's standard of review for summary judgment is set forth in *Ramsey v. Bernstein (In re Bernstein)*, 197 B.R. 475 (Bankr.D.Md.1996) *aff'd* 113 F.3d 1231, 1997 WL 278983 (4th Cir.1997):

> Pursuant to Fed.R.Civ.P. 56(c), made applicable by Bankruptcy Rule 7056, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining the facts for summary judgment purposes, the court may rely on affidavits made with personal knowledge that set forth specific facts otherwise admissible in evidence and sworn or certified copies of papers attached to such affidavits. Fed.R.Civ.P. 56(e), made applicable by Bankr.Rule 7056. When a motion for summary judgment is made and supported by affidavits or other evidence, "an adverse party may not rest upon mere allegations or denials..." *Id.* While the court must construe all inferences in favor of the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513–14, the court is bound by factual determinations made in prior actions where collateral estoppel applies. *Allen v. McCurry*, 449 U.S. 90, 94–95, 101 S.Ct. 411, 66 L.Ed.2d 308, (1980).

197 B.R. at 477.

### Discussion

#### a. Section 523(a)(6)

 Section 523(a)(6) of the Bankruptcy Code ("Code") excepts from discharge "any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity; ..." 11 U.S.C. § 523(a)(6). The word "willful" "...takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The dischargeability exception for "willful and malicious injury" encompasses "...only acts done with the actual intent to cause injury ..." *Id.* "...[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 978. Implied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances, is sufficient. *In re Bernstein.* "A successful cause of action pursuant to Section 523(a)(6) requires the plaintiffs to prove that the debt arose from willful harm done with the intent to cause injury." *Health and Welfare Plan for Employees of Southern Maryland Elec. Coop., Inc. v. Eagleston (In re Eagleston)*, 236 B.R. 183, 188 (Bankr.D.Md.1999). In order for Plaintiffs to succeed in their Summary Judgment motion they must show that the doctrine of collateral estoppel establishes each of these elements and that they are entitled to judgment as a matter of law.

#### b. Collateral Estoppel

 The doctrine of collateral estoppel may be invoked in dischargeability proceedings under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Ansari*, 113 F.3d 17, 19 (4th Cir.1997); *McGee v. McGown*, 129 B.R. 432, 436 (Bankr.D.Md. 1991). Under this doctrine, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue on a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). *See also Combs v. Richardson*, 838 F.2d 112, 115 (4th Cir.1988); *In re Bernstein, supra.* The law of the state where the original litigation occurred controls the preclusive effect of its judgments in feder-

al court. *In re Ansari,* 113 F.3d at 19. Accordingly, the law of the District of Columbia on the doctrine of collateral estoppel applies.

■ District of Columbia courts have held that collateral estoppel, or issue preclusion, renders conclusive in the same or a subsequent action determination of an issue of fact or law when (1) the issue is actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum. *Newell v. District of Columbia,* 741 A.2d 28 (D.C.1999); *Davis v. Davis,* 663 A.2d 499 (D.C.1995); *Washington Medical Center v. Holle,* 573 A.2d 1269, 1283(D.C.1990); *Smith v. Jenkins,* 562 A.2d 610, 617 (D.C.1989); *Ali Baba Co. v. WILCO, Inc.,* 482 A.2d 418, 421 (D.C. 1984). "Offensive use of collateral estoppel arises when a plaintiff seeks to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff." *Ali Baba Co. v. WILCO, Inc.,* 482 A.2d 418, 421–22 (D.C.1984)(citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)).

■ Under offensive collateral estoppel, "[t]he issue to be concluded must be the same as that involved in the prior action," and "must have been raised and litigated, and actually adjudged." *Ali Baba Co., supra,* 482 A.2d at 421 n. 6 (quoting 1B MOORE'S FEDERAL PRACTICE ¶ 0.443[1] (2d ed.1982)). In addition, "[t]he issue must have been material and relevant to the disposition of the prior action," and "[t]he determination made of the issue ... must have been necessary and essential to the resulting judgment." *Id.*

■ The doctrine of collateral estoppel applies in the instant case. Defendant argues that the Superior Court's findings against Defendant do not meet the "willful and malicious" requirement of 11 U.S.C. § 523(a)(6). In support of his assertion, Defendant has submitted an affidavit in which he claims that (1) he did not intend to cause the injuries alleged by Plaintiffs, (2) he was not substantially certain that the injuries claimed by Plaintiffs would result from his actions and (3) he did not act with actual malice or evil motive. *See Affidavit of Robert S. Beale, Jr. M.D.* However, assertions by the Defendant are insufficient to rebut issues conclusively decided by a jury. A review of the Verdict Forms and Defendant's own Jury Instructions clearly illustrates that the Superior Court found that Defendant's retaliation against Plaintiffs was willful and malicious. Further analysis reveals that the jury's findings satisfied the requirements of 11 U.S.C. § 523(a)(6).

Defendant's own Jury Instructions 2 and 4, which were read to jury before they began their deliberations with respect to Defendant's liability under the D.C. Human Rights Act, stated:

> Each plaintiff must show that defendants intentionally discriminated against her. A Plaintiff, however, is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts. (Defendant's Jury Instruction 2).

> ...Plaintiffs at all times carry the ultimate burden or persuading you that defendants intentionally discriminated by retaliating against them because of their sex. (Defendant's Jury Instruction 4).

At the close of the punitive damages phase of the trial, which took place two days after the close of the liability phase, the judge instructed the jury that

> You are not required to award any punitive damages. A mere finding of discriminatory action, without more, will not support an award of punitive damages. You may award punitive damages only if you find, by clear and convincing evidence, that the act or acts of the

defendants were done willfully, with evil motive and actual malice.

*Final Jury Instruction (August 11, 1999).* And when the jury assessed its punitive damage award against Defendant, it found "by clear and convincing evidence, that defendants' actions toward [all three plaintiffs: Merriex, Steen, and Williams], in creating a hostile environment...were conducted willfully, with evil motive and actual malice..." *Verdict Form, August 12, 1999.*

The law of the District of Columbia with respect to punitive damages provides additional evidence that Defendant's actions constituted "willful and malicious" conduct under § 523(a)(6). The District of Columbia Court of Appeals has held that

> in order to sustain an award of punitive damages, the plaintiff must prove, by a preponderance of the evidence, that the defendant committed a tortious act, and by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent.

*Jonathan Woodner Co. v. Breeden,* 665 A.2d 929, 938 (D.C.1995). The fact that Plaintiffs were obligated to prove by a preponderance of the evidence that the defendant committed a tortious act before Plaintiffs could recover punitive damages satisfies the willfulness requirement of § 523(a)(6) because tortious acts are intentional, not reckless or negligent. In addition, the D.C. Court of Appeals has discussed the requirements for punitive damage awards under the D.C. Human Rights Act, the Act under which Plaintiffs brought their original suit against Defendant. In *Arthur Young & Co. v. Sutherland,* 631 A.2d 354, 372 (D.C.1993), the D.C. Court of Appeals concluded that Plaintiffs bringing suit for punitive damages under the D.C. Human Rights Act must make "a showing of evil motive or actual malice" to prevail. This decision comports with the jury's finding that Defendant acted with evil motive and actual malice, and therefore satisfies the "malicious" requirement of § 523(a)(6). Therefore, the first element of collateral estoppel has been satisfied because Plaintiffs have established that the Superior Court found that the Defendant/Debtor caused willful and malicious injury to the Plaintiffs.

■ The second element of collateral estoppel has also been satisfied. The State court proceeding reached a final judgment on the merits. A final judgment is one that "terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined." *District of Columbia v. Tschudin,* 390 A.2d 986 (D.C.1978). There is no evidence that Defendant has appealed this judgment. *See District of Columbia Court of Appeals Rule 4* (requiring that a Notice of Appeal be filed by the appealing party within thirty days of the date of judgment).

Dr. Beale was both a party to the State court proceeding and was represented by counsel throughout the thirteen day trial. He was not only afforded a fair opportunity to be heard, but was also able to present a full defense. As a result, the third element of collateral estoppel is satisfied.

The only remaining issue is whether the Court's determination that Defendant's actions were "willful and malicious" was essential to its judgment. As discussed above, a finding that Defendant's actions were willful and malicious was an absolute prerequisite to the Plaintiffs recovery of punitive damages. Therefore, Plaintiffs have satisfied the fourth and final element of collateral estoppel.

### c. *Extent of Nondischargeability*

The only remaining issue is to what extent the Plaintiffs judgment against Defendant is nondischargeable. Although Debtor argues that his entire obligation should be discharged, his alternative contention is that at least his ancillary liability for his adversaries' attorneys' fees, costs and expenses should be determined dis-

chargeable. Plaintiffs dispute this contention, arguing that Debtor's obligation to satisfy their attorneys' fees must be determined nondischargeable as well.

The Plaintiffs State court judgment against the Defendant can be divided into three parts: compensatory damages, punitive damages, and attorneys' fees and costs. The fact that the Plaintiffs compensatory damages are nondischargeable is straightforward, since they arise directly from a willful and malicious injury caused the Debtor to another entity. *See* § 523(a)(6). Punitive damages, theoretically, go beyond the injury caused by the Debtor for his willful and malicious act. *See Ramsey v. Bernstein (In re Bernstein)*, 197 B.R. 475 (Bankr.D.Md.1996). However, "when punitive damages spring from the same conduct giving rise to nondischargeable compensatory damages, such punitive damages are also not dischargeable in bankruptcy." *Id.; see also In re Miera*, 926 F.2d 741, 745 (8th Cir. 1991); *In re Adams*, 761 F.2d 1422, 1427–28 (9th Cir.1985). This is because "the punitive damages still arise from the 'willful and malicious injury by the debtor to another entity.'" *Ramsey v. Bernstein (In re Bernstein)*, 197 B.R. 475 (Bankr.D.Md.1996)(citing 11 U.S.C. § 523(a)(6).)

Defendant argues that even if Plaintiffs' punitive damages claims are nondischargeable, Plaintiffs related attorneys' fees are "at most, entitled to unsecured status and subject to discharge." *Defendant's Memorandum of Points and Authorities* at 12. The Plaintiffs argue that Debtor's obligation to satisfy their attorneys' fees must be determined nondischargeable as well.

Courts have applied three doctrines or theories to determine whether debtors may discharge their obligations to pay court-awarded attorneys' fees. *See Freer v. Weinstein (In re Weinstein)*, 173 B.R. 258 (Bankr.E.D.N.Y.)(describing the development of and rationale for each of the three theories). Under the majority "Statutory/Contractual Basis" doctrine applied by the Second, Sixth, Ninth and Eleventh Circuits, fees may be determined non-dischargeable only where there originally existed some statutory or contractual basis for the award. *United Merchants and Manufacturers Inc. v. Equitable Life Assurance Society of the United States (In re United Merchants and Manufacturers)*, 674 F.2d 134 (2nd Cir.1982); *Jordan v. Southeast Nat'l Bank (In re Jordan)*, 927 F.2d 221, 226–28 (5th Cir.1991) (finding that a debt excepted from discharge "includes state-approved contractually required attorneys' fees")(quoting *Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163, 1168 (6th Cir.1985)); *Tran-South Fin. Corp. of Fla. v. Johnson*, 931 F.2d 1505, 1509 (11th Cir.1991); *Lupin v. Ziegler (In re Ziegler)*, 109 B.R. 172, 177 (Bankr.W.D.N.C.1989).

A second line of authority falls under the "Status Dependent" doctrine. Under this line of decisions, a contractual or statutory basis for the award of attorneys' fees is not relevant. Instead, "the dischargeability of ancillary obligations such as attorneys' fees turn[s] on the dischargeability of the underlying debt..." *DuPhily v. DuPhily*, 52 B.R. 971, 978 (D.Del.1985) (*citing In re Chambers*, 36 B.R. 42 (Bankr.D.Wis.1984)); *In re Sposa*, 31 B.R. 307 (Bankr.E.D.Va. 1983); *see also Florida v. Ticor Title Ins. Co. (In re Florida)*, 164 B.R. 636, 639 (9th Cir. BAP 1994)("Ancillary obligations such as attorneys' fees and interest may attach to the primary debt; consequently, their status depends on that of the primary debt.").

Finally, some courts have applied the "Support Context" doctrine, not applicable in these proceedings, which holds that attorneys' fees which are awarded by courts in connection with divorce and separation are non-dischargeable. *Freer v. Weinstein (In re Weinstein)*, 173 B.R. 258 at 273 (Bankr.E.D.N.Y.1994).[2]

2. The Support Context theory, which rests on the argument that the money which the custo-

---

**652**

There has been no definitive ruling upon this issue by a controlling court within the Fourth Circuit. For the reasons outlined below, the Court is persuaded by and will apply the "Status/Contract" approach adopted by the majority of jurisdictions that have analyzed the issue.[3] An analysis of the facts presented to the Court in these proceedings under this doctrine establish that the attorney fees assessed against the Defendant are nondischargeable in this case.

Courts espousing the "Statutory/Contractual" doctrine read 11 U.S.C. § 523 narrowly. These courts have trouble reconciling the language in Section 523(a), which does not provide for attorneys' fees, with the language of Section 523(d), which does provide for the recovery of attorneys' fees in some circumstances.[4] See *Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163 (6th Cir.1985); *First Interstate Bank of Washington, D.C. v. Hecker (In re Hecker)*, 95 B.R. 1 (Bkrtcy.D.C. 1989); *De Voe v. Cheatham (Matter of Cheatham)*, 44 B.R. 4 (Bkrtcy.N.D.Ala. 1984); *Primm v. Foster (In re Foster)*, 38 B.R. 639 (Bkrtcy.M.D.Tenn.1984).

> The legislative history of § 523(d)[5] lends support to [this position]. If Congress had intended to award attorneys' fees to prevailing creditors, § 523(d) would be the logical location to include appropriate language. In spite of this, neither subsection (d) nor its legislative history contains any such language. Instead, Congress chose to limit awards of fees to prevailing debtors in cases under § 523(a)(2).

> *Lupin v. Ziegler (In re Ziegler)*, 109 B.R. 172, 176 (Bankr.W.D.N.C.1989). Faced with this Congressional limitation, courts utilizing this approach allow attorneys' fees to be included in an unsecured creditors' claim when they are provided for by a specific statute or a contract enforceable under state law.

Under this approach, attorneys' fees assessed against Defendant are non-dischargeable. In *Ziegler*, the court held that attorneys' fees assessed against the Debtor in a malicious prosecution case were nondischargeable because the underlying civil judgment (rendered by a Federal District Court applying Louisiana law) implicitly based its award of fees and costs on state statutory authority, which vested courts with "wide discretion in assessing damage awards." *Lupin v. Ziegler (In re Ziegler)*, 109 B.R. 172, 178 (Bankr. W.D.N.C.1989). Similarly, in the underlying civil action of these proceedings, the Superior Court based its award of fees and costs on the D.C. Human Rights Statute, which explicitly authorized the court to award "any relief it deems appropriate, including, the relief provided in §§ 1–2547 and 1–2553(a)." D.C.Code Ann. § 1–2556 (1981). Section 1–2553(a)(1)(E) of the D.C.Code authorizes the "payment of reasonable attorney fees" and section 1–

---

dial spouse is forced to expend on attorneys' fees is nondischargeable because it could have otherwise been used for support expenses, is not applicable to these proceedings.

**3.** If the Court were to apply the "Status Dependant" doctrine, it would find that Defendant's assessed attorneys' fees are non-dischargeable because, as held above, the underlying debt is non-dischargeable. As the court held in *Cooley v. Sposa (In re Sposa)*, 31 B.R. 307, 310 (Bankr.E.D.Va. 1983), "ancillary obligations, such as attorney's fees, stand or fall (i.e. dischargeable or nondischargeable) with the primary debt."

**4.** 11 U.S.C. § 523(d) provides:
"If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust."

**5.** For a discussion of the legislative history of § 523(d), *see First Am. Nat'l Bank v. Crosslin (In re Crosslin)*, 14 B.R. 656, 657–58 (Bkrtcy. M.D.Tenn.1981).

2553(a)(1)(F) authorizes "the payment of hearing costs." D.C.Code Ann. § 11–2553(a)(1981). Taken together, these statutes supply the necessary basis for allowing Plaintiffs judgment to include their attorneys' fees and costs and make them nondischargeable under § 523(a)(6).

Finally, defendant claims that the Superior Court's award of attorneys' fees was unreasonable. Therefore, he asserts that this Court should not grant the Plaintiffs motion for summary judgment because the Court has an "independent duty to determine the reasonableness of the fees requested by the Plaintiffs attorneys." *Defendant's Memorandum in Opposition to Motion for Partial Summary Judgment at 12.* However, Defendant's bare assertion that the trial court's award of attorney fees is unreasonable is insufficient to rebut evidence submitted by the Plaintiffs which establishes the reasonableness of the award. As the Supreme Court has stated, when a motion for summary judgment is made and supported by affidavits or other evidence, "an adverse party may not rest upon mere allegations or denials..." *Id.* While the court must construe all inferences in favor of the non-moving party, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. at 2513–14, the court is bound by factual determinations made in prior actions where collateral estoppel applies. *Allen v. McCurry,* 449 U.S. 90, 94–95, 101 S.Ct. 411, 66 L.Ed.2d 308, (1980).

The Plaintiffs have submitted a thirty-one page order by Judge Rafael Diaz of the D.C. Superior Court that contains a thorough "lodestar" analysis of the Plaintiffs' claims for attorneys' fees. *See Order Awarding Attorneys' Fees and Costs.* The order indicates that Judge Diaz presided over the entire trial and carefully analyzed the record and considered Defendant's opposition to Plaintiffs' fee requests before drafting his opinion. The Defendant has not come forward with any evidence to rebut the trial court's ruling that the fee award was reasonable. Nor does the record indicate that Defendant even appealed the trial court's order to the District of Columbia Court of Appeals. Given the facts presented to the Court of the underlying civil case, this Court is in no position to second-guess the analysis and reasoning of the trial judge with respect to Plaintiffs award of attorneys' fees.

Therefore, it is, this 29th day of September 2000, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that Plaintiffs Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED**, that the claims of Laura L. Merriex, Tamika L. Steen, and Sharron A. Williams are nondischargeable as a matter of law.