In re Fred H. KAYTES, Debtor.

Melvyn B. FRUMKES, Plaintiff,

v.

Fred H. KAYTES, Defendants.

Bankruptcy No. 82–01064–BKC–SMW.

Adv. No. 82–0864–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Feb. 18, 1983.

Martin L. Sandler, Miami, Fla., for plaintiff.

Jerry Kahn, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come on to be heard upon a Complaint Objecting to Discharge-

ability of Debt filed herein, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The obligation in the instant case arose as a result of court ordered awards of attorney's fees in connection with dissolution of marriage proceedings between the debtor and his wife. It is uncontroverted that the debtor owes the plaintiff $16,250.00 pursuant to the above-mentioned court orders.

The issue squarely presented in this case is whether an award of attorney's fees pursuant to a dissolution of marriage proceeding is in the nature of maintenance and support and thereby nondischargeable under Section 523(a)(5) of the Bankruptcy Code, as alleged by the plaintiff, or if it is in the nature of a property settlement so as to be a dischargeable debt in bankruptcy, as alleged by the debtor.

It is well settled that an obligation for alimony, maintenance, or support of a spouse or child in connection with a divorce decree, is not dischargeable in bankruptcy. *In Re Woods,* 561 F.2d 27 (7th Cir.1977); *In Re Maitlen,* 658 F.2d 466 (7th Cir.1981); 11 U.S.C. Section 523(a)(5).

In determining whether a debt is in the nature of alimony or maintenance, or a property settlement, the Court must look to bankruptcy law rather than state law and must focus on substance rather than form. *In Re Spong,* 661 F.2d 6 (2nd Cir.1981); See Legislative History to 11 U.S.C. Section 523(a)(5) as reported in H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 363 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787.

Based upon testimony presented, the Court finds that substantially all of the attorney's fees at issue herein were earned in relation to determination of the issues of alimony and support. In addressing this same issue the Court in *In Re Whitehurst,* 10 B.R. 229 (M.D.Fla.1981) stated that, "[U]nless the obligation to pay a spouse's attorney's fees is clearly in the nature of a property settlement it will be deemed nondischargeable".

In summary, the Court finds that the debt which arose as a result of the court ordered award of attorney's fees is not in the nature of a property settlement, but rather, is related to alimony, maintenance, or support. The Court further finds that the attorney's fees which are in the nature of maintenance, alimony, or support are nondischargeable, thus the debt in the instant case is nondischargeable as contemplated by Section 523(a)(5) of the Bankruptcy Code.