In re **Allen Ray FAMBROUGH,** Vickie
Lynn Fambrough, Debtor.

**Susan FAMBROUGH, Plaintiff,**

v.

**Allen Ray FAMBROUGH, Defendant.**

**Bankruptcy No. 48200375.**

**Adv. No. 4830012.**

United States Bankruptcy Court,
W.D. Kentucky.

May 13, 1983.

Gary M. Gibbs, Henderson, Ky., for plaintiff.

Russell Wilkey, Newport, Ky., for defendant.

ORDER

MERRITT S. DEITZ, Jr., Bankruptcy
Judge.

Attorneys fees in connection with a domestic relations dispute are the subject of this action. The plaintiff, former wife of the debtor Allen Ray Fambrough, claims her fees and court costs in the divorce proceeding are in the nature of maintenance and therefore nondischargeable under Section 523(a)(5) of the Bankruptcy Code.

The debtor denies the nondischargeable nature of the fees and costs, affirmatively alleging that their clear designation as "maintenance" in the separation agreement "is merely a subterfuge by which a dischargeable debt is sought to be classified as nondischargeable."

In the course of a pretrial conference it was agreed by counsel that the case required only a reading of the relevant state court judgment, attached to the complaint; that no further evidence would be adduced and that the matter could stand under submission on the question of law raised by the pleadings.

We agree with the plaintiff that the attorneys fees and court costs are nondischargeable in bankruptcy. The separation agreement clearly provides that "*as maintenance* to the petitioner the respondent agrees to pay the Court costs incurred herein and the petitioner's Five Hundred Dollar ($500.00) attorney's fee owed to West, Ternes, Gibbs and Overfield."[1] The quoted language is not limited or contravened by any other provision of the agreement, which, as is customary, was incorporated in the resulting divorce decree.

We have consistently and frequently refused to review the clear language of

1. Paragraph numbered 4, Property and Child Custody Settlement Agreement, incorporated

divorce decrees. For reasons both practical and legal,[2] we will not lend a contrary interpretation to any state court order which facially resolves the character of a debt apportioned between divorced parties.

 It may now be regarded as settled law that the character of attorneys fees in a domestic relations action take on the nature of the obligations to which they attach;[3] that is, for example, a provision in a court order "for maintenance and attorneys fees" renders the latter nondischargeable, whereas an allocation of "marital indebtedness and attorneys fees" would not. Because of the latent ambiguities which are always possible in the use or abuse of written language, the characterization is sometimes less than clear, but this is not such a case.

The debt of $600.00 for court costs and attorneys fees is therefor declared to be nondischargeable. Judgment to that effect will be entered today. It is so ORDERED.

by reference in the Final Decree of Henderson Circuit Court, Civil Action No. 80–CI–573 (Nov. 10, 1980).

2. See *Beauchamp v. Graham,* 14 B.R. 246 (Bkrtcy.W.D.Ky.1981); *In re Channel,* 23 B.R. 638 (Bkrtcy.W.D.Ky.1982).

3. The most recent statements of this principle are contained in *In re Kaytes,* 28 B.R. 140 (Bkrtcy.S.D.Fla.1983) and *In re Jackson,* 27 B.R. 892 (Bkrtcy.W.D.Ky.1983).