**In re William Andrew LONG, Sr., Debtor.**

**Constance Mae LONG, Plaintiff,**

v.

**William Andrew LONG, Sr., Defendant.**

**Bankruptcy No. LR 83–1181.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

May 1, 1984.

**536**

C. Scott Clark, Little Rock, Ark., for debtor.

Michael A. Skipper, Little Rock, Ark., for plaintiff.

A.L. Tenney, trustee.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Bankruptcy Judge.

Constance Mae Long, the debtor's former spouse and a creditor in this Chapter 13 case, has sued to determine the dischargeability of a $225.00 debt for attorney's fees. The debt results from her successful action against the debtor to enforce a state court Order for child support payments. On October 4, 1983, the Pulaski County Chancery Court entered a judgment against the debtor for (1) a $1,000.00 arrearage in child support payments; (2) $75.00 in attorney's fees awarded in previous Orders entered in the case; and (3) $150 in attorney's fees incurred in obtaining the present Order enforcing Mrs. Long's right to receive child support payments.

In this case, the plaintiff contends that the debt for attorney's fee is nondischargeable pursuant to § 523(a)(5) of the United States Bankruptcy Code. The defendant-debtor argues that the debt is dischargeable because (1) the plaintiff has failed to meet her burden of proving the nondischargeable character of the debt; and (2) the state court Order assigns the debt to the plaintiff's attorney, thereby rendering it dischargeable under § 523(a)(5)(A) of the Bankruptcy Code. The parties have stipulated that the state court has awarded all attorney's fees in connection with the plaintiff's efforts to collect child support payments, and have admitted a copy of the state court's Order of October 4, 1983 into evidence. After reviewing the facts and the parties' briefs carefully, this Court must conclude that the $225.00 debt for attorney's fees is nondischargeable under § 523(a)(5).

Section 523(a)(5) provides that a discharge under Chapter 13 will not discharge an individual debtor from any debt—

> to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to Section 402(a)(2b) of the Social Security Act); or
>
> (B) such debt includes a liability designated as alimony maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

A fundamental purpose of bankruptcy law is to give a debtor a fresh start by releasing him or her from indebtedness by discharge. On the other hand, bankruptcy law recognizes that certain kinds of debts should be exempt from discharge. Support obligations are among the debts which are exempt from discharge, because the law considers them to be duties, and not merely debts. *In Re Cain*, 29 B.R. 591, 594 (Bkrtcy.N.D.Ind.1983).

Federal bankruptcy law governs the characterization of a debt as dischargeable or nondischargeable. *In Re Williams*, 703 F.2d 1055, 1056–57 (8th Cir.1983). The

characterization is a question of fact which this Court must decide in light of all relevant circumstances. *Id.* at 1057–58. A state court Order may not be conclusive as to the dischargeable character of a debt, *id.*, but this Court may look to it in determining the nature of a debt if the Order provides a reliable indication of the character of the debt. *In Re Fambrough*, 30 B.R. 624, 625 (Bkrtcy.W.D.Ky.1983). See, e.g., *In Re Whitman*, 29 B.R. 362, 364 (Bkrtcy.D.R.I.1983); *In Re Rediker*, 25 B.R. 71, 76 (Bkrtcy.M.D.Tenn.1982); *In Re Lineberry*, 9 B.R. 700, 704 (Bkrtcy.W.D. Mo.1981); and *In Re Mineer*, 11 B.R. 663, 665 (Bkrtcy.D.Colo.1981).

 Here, the Pulaski County Chancery Court Order reads, in pertinent part, as follows:

1. The plaintiff shall have judgment for arrearages in child support in the amount of $1,000.00 for which execution may issue immediately.

2. The plaintiff shall have judgment in the amount of $75.00 for attorney's fees granted by earlier Orders of this Court for which judgment may issue immediately.

3. The plaintiff shall be entitled to an attorney's fee in the amount of $150.00 for prosecuting this motion for which judgment is hereby rendered and for which execution may issue immediately.

A debt for attorney's fees may be nondischargeable when it is directly related to a support obligation. *In Re Gedeon*, 31 B.R. 942, 944 (Bkrtcy.D.Colo.1983); *In Re Sposa*, 31 B.R. 307, 310 (Bkrtcy.E.D.Va.1983). A bankruptcy court must examine the actual function or purpose of an award of attorney's fees in order to determine its dischargeable character. *Matter of Jensen*, 17 B.R. 537, 539 (Bkrtcy.W.D.Mo.1982). When a former spouse obtains an award in a proceeding which is ancillary to an original decree for support, the bankruptcy court must determine whether the ancillary proceeding is directly related to a primary support obligation. *In Re Sposa, supra.* Finally, the Court must look to the substance of the award, and not just to its form. *In Re Kaytes*, 28 B.R. 140, 141 (Bkrtcy.S.D.Fla.1983); *In Re Auer*, 22 B.R. 274, 275 (Bkrtcy.E.D.N.Y.1982).

██ These principles compel a conclusion that the attorney's fee award in this case is a nondischargeable debt. It is reasonably clear from the face of the October 4, 1983 Order that the chancery court awarded $150.00 of the debt in connection with the plaintiff's most recent efforts to enforce the debtor's child support obligations. The attorney's fees award completely defrays the plaintiff's legal expenses incurred to compel child support payments. The Order results from a motion for enforcement of a previous Order for child support payments, so the proceeding is clearly ancillary to the original decree and directly related to a primary support obligation.

Because the parties have stipulated that the $75.00 award is also connected with the enforcement of child support obligations, the Court must conclude that this portion of the total debt is also nondischargeable. The debtor's arguments are not very persuasive. The Court agrees with the debtor that the plaintiff has the burden of proof as to the issue of nondischargeability, *In Re Gabele*, 15 B.R. 221, 222 (Bkrtcy.N.D. Ohio 1981); and Rule 4005, Rules of Bankruptcy Procedure; but the evidence presented is adequate to support a finding on the nature of the debt, and all of the evidence unequivocally supports a conclusion that the debt is nondischargeable.

The debtor cites *In Re Crawford*, 8 B.R. 552 (Bkrtcy.D.Kan.1981), and *In Re Allen*, 4 B.R. 617 (Bkrtcy.E.D.Tenn.1980), to support his contention that the attorney's fee award has been assigned to the plaintiff's attorney under the terms of the state court Order, and therefore should be considered dischargeable under § 523(a)(5)(A). A former spouse's attorney may be an entity for purposes of § 523(a)(5)(A). *See* 11 U.S.C. § 101(14) (which defines "entity" to include a person). Both of the plaintiff's cases are inapposite, however.

In *Crawford,* the bankruptcy court attached significance to the fact that the state court decree was for an "attorney's fee due and owing to defendant's attorney," and interpreted this language as an assignment to another entity. The bankruptcy court also noted that the decree failed to direct the debtor to pay the attorney's fee directly to the former spouse. 8 B.R. at 553–554. In *Allen,* the bankruptcy court noted that the state court Order directed the debtor to pay a designated sum directly to an attorney, and used this finding as a basis for its conclusion that the debt for attorney's fees was dischargeable. 4 B.R. at 420.

The October 4, 1983 Chancery Court Order is distinguishable in that the Order does not direct the debtor to pay $225.00 directly to the plaintiff's attorney. In the present case there is simply no evidence of an assignment. This Court cannot reasonably interpret any language in the state court Order to be an assignment. Rather to the contrary, the state court's Order that the plaintiff has judgment for attorney's fees.

This Court views the recent case of *In Re Williams,* 703 F.2d 1055 (8th Cir.1983) as controlling as to the facts in this case. In the *Williams* case, *supra,* the Court was called upon to interpret under the facts of that case whether the parties intended that a property settlement which provided that the husband pay the wife's attorney's fees were in the nature of support. The Eighth Circuit affirmed the Bankruptcy Court's fact findings that the financial transfers prescribed by the divorce decree were intended to help the wife meet her monthly living expenses.

The facts in the present case are even clearer, than in the *Williams* case. A judgment was awarded by the Chancery Judge to the wife for past support payments including attorney fees incurred in connection with enforcing the support obligations and duties of the husband-debtor.

The Court hereby finds that the debt for attorney's fees owed to the plaintiff is non-dischargeable in this Chapter 13 case.