### In re Ronald J. SZUCH, Debtor.

### Vera SZUCH, Plaintiff,

v.

### Ronald J. SZUCH, Defendant.

**Bankruptcy No. B89–2664.
Adv. No. B89–0536.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

June 25, 1990.

Lee R. Kravitz, Euclid, Ohio, for plaintiff.

Richard A. Spechalske, Euclid, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for trial upon the complaint of Vera Szuch (Plaintiff) to have the Court determine the dischargeability of various debts and obligations contained in an order and journal entry of the Cuyahoga County Court of Common Pleas, *Szuch v. Szuch,* Case No. 83 D–145467, 1983. Following a trial on the matter, the Court has considered arguments of counsel, reviewed the testimony and admitted exhibits to reach the following findings and conclusions as required by Rule 7052, Bankr.R.:

### I.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction of the matter in accordance with 28 U.S.C. § 1334 and General Order No. 84 of this District. The underlying facts of this matter are generally undisputed. The journal entry of the state court (Ex. # 10), indicates the parties hereto were divorced on February 16, 1984. Among the several obligations and other recitals of the journal entry, Ronald J. Szuch (Debtor–Defendant) was obligated as a defendant in the state proceedings as follows:

> It is further ORDERED, ADJUDGED AND DECREED that plaintiff shall be granted the marital residence located at 3011 E. Derbyshire, Cleveland Heights, Ohio, free and clear of any interest of the defendant. Plaintiff is to assume the first mortgage. The defendant shall assume the second mortgage to Bank One/SBA and hold the Plaintiff absolutely harmless. The defendant shall vacate the marital residence forthwith.

> It is further ORDERED, ADJUDGED AND DECREED that defendant shall assume any indebtedness to the I.R.S. for all income taxes and withholding taxes and save the plaintiff absolutely harmless thereon.

With regard to the above-quoted obligations, Vera Szuch contends that such obligations were imposed for alimony, maintenance, and support, and accordingly,

should be excepted from discharge pursuant to section 523(a)(5) of the Bankruptcy Code. Contrarily, Ronald Szuch contends that the subject obligations were in the form of a property settlement and are dischargeable in a Chapter 7 case.

### II.

The dispositive issue for the Court's determination is whether the obligations in question are in the nature of alimony or support or in the nature of a property settlement. In brief, if the obligations are deemed to be in the form of support, they are nondischargeable. They are dischargeable, however, if they are construed as being property settlements. The burden of proof in this matter is on the Plaintiff to prove nondischargeability. *In re Daiker,* 5 B.R. 348, 351–52 (Bankr.Minn.1980).

### III.

The issue of when an assumption of joint debts is in the nature of alimony, maintenance or support versus that of a property settlement is to be determined by federal bankruptcy law, not state law. *In re Spong,* 661 F.2d 6, 8–9 (2d Cir.1981). In this Circuit, the leading case concerning dischargeability of divorce-related obligations is *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983). The Sixth Circuit set forth a three-prong test to determine the dischargeability of debts under 11 U.S.C. § 523(a)(5). In pertinent part § 523(a)(5) provides:

> (a) A discharge under section 727 of this title does not discharge an individual debtor from any debt—

> > (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement. 11 U.S.C. § 523(a)(5).

In establishing the test, the Court first addressed the question of whether or not

payments must be made directly to the spouse to constitute alimony or support, and concluded that direct payment is not a requirement for the assumed debt to be nondischargeable. *In re Calhoun* at 1107. The Court looked to the legislative history to support its finding, in particular:

> This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364, *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 6320; S.Rep. No. 95–989, 95th Cong., 2d Sess. 79, *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5865.

■ In approaching the factors for characterizing the true nature of the assumed debts, it must first be ascertained whether the state court or the parties to the divorce intended to create an obligation to provide support through the assumption of debts. *In re Calhoun*, at 1109. The Court may consider any relevant evidence including those factors utilized by state courts to make a factual determination of intent to create support. *Id.* These factors include: the nature of the obligations assumed; the structure and language of the parties' agreement or the court's decree; length of marriage; relative earning powers of the parties; the adequacy of support absent the debt assumption; whether lump sum or periodic payments were also provided; and evidence of negotiation or other understandings as to the intended purpose of the assumption. *Id.* at 1108, n. 7. If there is no intent, the inquiry ends here. *Id.* at 1109.

■ If the requisite intent is found, the Court must next determine whether the debt assumption has the effect of providing the support necessary to ensure the daily needs of the former spouse and any children of the marriage are satisfied. The distribution of other property or existence thereof may make assumption unnecessary for support. The Bankruptcy Court should also look to the practical effect of the discharge of each loan. If without the loan assumption the spouse could not maintain the daily necessities, such as food, housing and transportation, the effect of loan assumption may be found "in the nature of alimony or support." *Id.*, citing *Inskeep v. Draper*, 25 B.R. 518, 520 (Bankr.S.D.Ohio 1982); *Hixson v. Hixson*, 23 B.R. 492, 496 (Bankr.S.D.Ohio 1982). If the loan assumption is not found to be necessary to provide support, the inquiry ends here. *Id.* at 1109.

■ Lastly, the Bankruptcy Court must determine that the amount of support presented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support. *Id.* at 1110.

Bankruptcy Courts have uniformly found "hold harmless" clauses to create nondischargeable obligations. *In re Calhoun*, at 1107, citing, *In re Petoske*, 16 B.R. 412 (Bankr.E.D.N.Y.1982); *Matter of Gentile*, 16 B.R. 381 (Bankr.S.D.Ohio 1982); *In re French*, 9 B.R. 464, 466–67 (Bankr.S.D.Cal. 1981). The legislative history of 11 U.S.C. § 523(a)(5) "makes nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless, on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse ..." S.Rep. No. 95–989, 95th Cong. 2d Sess., 79, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5865; H.R. No. 95–595, 95th Cong. 1st Sess., 364 *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6320.

### IV.

The facts of this matter must now be viewed in light of the test and principles enunciated in *Calhoun*. Ronald Szuch argues that Vera Szuch does not pass the first test of intent as the decree itself does not label the debts in dispute as alimony or support but does label $500.00 awarded for attorney fees as alimony. Ronald Szuch

further argues that this is significant as Vera Szuch could have included whatever in the decree, as it was uncontested. The Defendant's argument is meritorious, but is not conclusive of intent. Structure and language of the parties' agreement or the court's decree is one of many factors. See *Calhoun supra* at 1108, n. 7. Moreover, the express language of the statute dictates that even if an obligation is labeled alimony, maintenance, or support, the obligation still must be "in the nature of" alimony, maintenance, or support to be nondischargeable. *See* 11 U.S.C. § 523(a)(5)(B).

Testimony was rendered by John D. Sutula, the Plaintiff's divorce lawyer, who testified that the divorce proceeding was uncontested in which he requested alimony support for the Plaintiff. This support was not requested through periodic payments, and it is undisputed that the only specific reference to alimony was contained in the Referee's Report (Ex. A) which indicated that the "Plaintiff shall be granted $500.00, as and for alimony towards her attorney fees ...". (See also, Ex. B, p. 2).

During the Debtor's examination, his testimony revealed that he and his former wife (Plaintiff) were married in 1959 and were divorced in 1984. He vacated the marital residence in 1985. To that marriage, three children were born, with the youngest child being 18 years of age at the time of divorce. The ages of the three children presently range between 25 and 30 years. The testimony of the Plaintiff and Defendant Debtor is disputed regarding the amount of any financial support contributed by the Debtor once he vacated the marital residence. The Debtor contends that he contributed to household expense payments, while the Plaintiff contends to the contrary. The Debtor offered no evidence in support of financial contributions made for support of the household following the divorce or after he left the family residence. The Plaintiff exhibited various receipts indicating household expenses paid solely from her income. (Exs. 1–4). Contrary to the Plaintiff's testimony the Debtor further testified that he assisted his youngest son with college-related expenses but was unable to provide any documentary proof in support of that contention. (Debtor, Cross–Exam). On the other hand, the Plaintiff contended that the Debtor made no payments in support of their son's college expenses and was able to exhibit documentary proof of her financial support in this regard. (Exs. 3 and 4). The Debtor's testimony in this regard was incredible. The testimony of the son, Ron Szuch indicates that the Debtor made some financial contribution to his college expenses during his first year but nothing afterwards. (Ron Szuch, Direct).

The unrefuted testimony of the Plaintiff, Vera Szuch, revealed that she worked three jobs in 1984 in order to support her family following the divorce. Two of those jobs were worked during the same point in time, as a waitress and as a real estate firm employee. (Plaintiff, Direct). She contends that the Debtor provided no household support after his departure. Her documented financial support of household expenses were substantiated (Ex. 11).

In 1984, the Plaintiff grossed approximately $12,000.00 in income (Ex. Q). In 1985, she grossed approximately $26,000.00 (Exs. R, S and T). Corresponding income data for the Debtor reflects 1983 income of $1,200.00; 1984 gross income of $11,475.00 (Exs. I and J). The Debtor's 1985 gross earnings totalled $2,091.00 (Exs. K and L); $3,500.00 in 1986; nothing exhibited for 1987; and gross income of $9,202.00 for 1988. No current income data was exhibited for either party.

Based upon the testimony adduced, the underlying divorce documentation, the "hold harmless" provisions of certain of the obligations, the length of the parties' marriage (23 years) and the relative earning powers of the parties at the time of the divorce, it is hereby determined that the subject obligations were intended to have been assumed in the form of alimony or support.

The income data exhibited by the parties was intermittently provided by both sides but principally reflected the earnings of the parties for periods following the

divorce. In a determination of nondischargeability under § 523(a)(5), the parties' relative earning power is assessed as of the time of the entry of the divorce decree, not during the post-divorce period. In 1984, the year the divorce decree was entered, there was no significant disparity in the parties' relative earning capacities. Plaintiff earned $12,000.00, compared to $11,-475.00 earned by the Debtor. Neither income was disputed. There were no minor children at the time of the divorce. Notwithstanding the relative similarity in earning power during that point in time, the intent to provide support is found in the hold harmless provisions of the divorce decree respecting all income and withholding taxes, the second mortgage owed to Bank One/SBA, and the $500.00 as alimony for attorneys fees. (Ex. B).

The payment Ronald Szuch was to make to Bank One/SBA was a periodic payment that is no different than if he would have made payments directly to Vera Szuch and she made the loan payment. There was no other support separate from the loan assumption, save the $500.00 for attorney fees. Absent such loan assumption Vera Szuch would have been unable to meet her daily needs. Reviewing the traditional state law determinants this Court finds the requisite intent existed to establish an obligation in the nature of alimony, maintenance, and support under 11 U.S.C. § 523(a)(5). It is further found that such assumption has the effect of providing the necessary support to ensure the daily needs of Vera Szuch are satisfied. Finally, the amount of the assumption is not so excessive as to render it unreasonable under traditional concepts of support, especially when the loan proceeds apparently went to finance the debtor's business. In addition, the Debtor agreed to "hold harmless" Vera Szuch of this obligation. In light of the hold harmless clause and the reasons enunciated above, the assumption of the Bank One/SBA loan is nondischargeable.

Ronald Szuch also agreed to hold Vera Szuch harmless on the income and withholding tax obligations to the I.R.S.

In view of the aforementioned test, traditional state law determinants, and the "hold harmless" clause this Court finds Ronald Szuch's assumption of the tax liabilities in the decree are nondischargeable as being in the nature of alimony, maintenance or support. The level of support is also found to be reasonable.

V.

Accordingly, the obligations to Bank One/SBA and the I.R.S. assumed by Ronald Szuch are nondischargeable support obligations.

IT IS SO ORDERED.