In re Joel A. RUDICIL, Debtor.

Carole L. RUDICIL, et al., Plaintiffs,

v.

Joel A. RUDICIL, et al., Defendants.

Bankruptcy No. 90–899.
Adv. Nos. B90–155, B90–156.

United States Bankruptcy Court,
N.D. Ohio, E.D.

March 26, 1991.

Michael E. Jackson, Cleveland, Ohio, for Joel A. Rudicil.

Robert D. Kehoe, Jerome W. Cook, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for Ameritrust Co.

Mitchell J. Yelsky, Cleveland, Ohio, for Carole Rudicil.

Joan A. Kodish, Cleveland, Ohio, for Huntington Nat. Bank.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

This matter came on for trial upon the complaint of Carole L. Rudicil (Plaintiff) to have the Court determine the dischargeability of various debts and obligations contained in an agreed judgment entry of divorce issued in the Cuyahoga County Court of Common Pleas. *Rudicil v. Rudicil,* Case No. 87–D–178,515, 1988. Further, the Court must determine the dischargeability of an Ameritrust mortgage, on which both Joel A. Rudicil (Debtor, Defendant) and Carole L. Rudicil are liable, as it relates to the Debtor. Following a trial on the matter, the Court has considered arguments of counsel, reviewed the testimony adduced and admitted exhibits to reach the following findings and conclusions as required by Rule 7052, Bankr.R.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction of the matter in accordance with 28 U.S.C. § 1334 and General Order No. 84 of this District.

### II.

The journal entry of the state court (P.Ex. # 1), indicates the parties hereto were divorced on July 27, 1988. Among the several obligations and other recitals of the journal entry, Joel A. Rudicil was obligated as a defendant in the state proceedings as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant Joel Alan Rudicil shall pay plaintiff, as and for sustenance alimony, such amounts being taxable to plaintiff pursuant to Internal Revenue Code Section 71, and deductible to defendant Joel Alan Rudicil pursuant to Internal Revenue Code Section 215, the sum of One Thousand Nine Hundred Fifty Dollars ($1,950.00) per month, for a period of six (6) years, commencing on July 1, 1988, subject to the death of either party, the remarriage of plaintiff or cohabitation of plaintiff with an unrelated male.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as and for child support, defendant Joel Alan Rudicil pursuant to the Child Support Guidelines, and subject to further order of Court, increasing or decreasing same pursuant to law shall pay plaintiff the sum of Five Hundred Twenty–Five Dollars ($525.00) per month, for the maintenance and support of each of the minor children, respectively, until said minor children reach maturity, respectively, or are no longer in the custody of the plaintiff, plus all necessary medical and dental expenses, including hospitalization and medical insurance.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, Joel Alan Rudicil, as and for additional alimony, shall pay towards plaintiff's attorneys fees an amount to be agreed by the parties or determined by the Court.

With regard to the above-quoted obligations, Carole L. Rudicil contends that such obligations were imposed for alimony, maintenance, and support, and accordingly, should be excepted from discharge pursuant to section 523(a)(5) of the Bankruptcy

Code. Contrarily, Joel A. Rudicil contends that the $1,950.00 payments and the attorney fees were in the form of a property settlement and are dischargeable in a Chapter 7 case. Joel A. Rudicil asserts that the Court should reduce the amount of monthly sustenance alimony payments due to changed financial circumstances. Carole L. Rudicil further contends that Joel A. Rudicil acted with reckless disregard and knowingly made a false representation with the intent to deceive Ameritrust regarding the execution of the mortgage on their personal residence. Joel A. Rudicil argues, however, that said acts were not committed and any reliance by Ameritrust was on the misrepresentations of the notary public, not himself.

### III.

■■■ The dispositive issues for the Court's consideration are whether the obligations contained in the support agreement are in the nature of alimony or support or are in the nature of a property settlement, and whether the Debtor's obligation on the Ameritrust mortgage is nondischargeable under 11 U.S.C. § 523(a)(2). In brief, if the obligations are deemed to be in the form of support, they are nondischargeable. They are dischargeable, however, if they are construed as being property settlements. *In re Szuch*, 117 B.R. 296 (Bankr.N.D.Ohio 1990); *In re Portaro*, 108 B.R. 142 (Bankr. N.D.Ohio 1989). The burden of proof under 11 U.S.C. § 523(a)(5) is on the Complainant to prove nondischargeability by a preponderance of the evidence. *See, In re Calhoun*, 715 F.2d 1103, (6th Cir.1983); *In re Messnick*, 104 B.R. 89, 92 (Bankr.E.D. Wis.1989). The Plaintiff has the burden of proving the elements under 11 U.S.C. § 523(a)(2) by clear and convincing evidence. *Knoxville Teachers Credit Union v. Parkey*, 790 F.2d 490, 491 (6th Cir.1986).

### IV.

■■■ The issue of when a payment is in the nature of alimony, maintenance or support versus that of a property settlement is to be determined by federal bankruptcy law, not state law. *In re Spong*, 661 F.2d

6, 8–9 (2nd Cir.1981). In this Circuit, the leading case concerning the dischargeability of a divorce-related obligation is *In re Calhoun, supra*. Therein, the Sixth Circuit set forth a three-prong test to determine the dischargeability of debts under 11 U.S.C. § 523(a)(5). In pertinent part, § 523(a)(5) provides:

(a) A discharge under section 727 of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of a debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement. 11 U.S.C. § 523(a)(5).

■■■ In approaching the factors for determining the true nature of the debts in question, it must first be ascertained whether the state court or the parties to the divorce intended to create an obligation to provide nondischargeable support. *In re Calhoun*, at 1109. The Court may consider any relevant evidence including those factors utilized by state courts to make a factual determination of intent to create support. *Id.* These factors include: the nature of the obligations assumed; the structure and language of the parties' agreement or the court's decree; length of marriage; relative earning powers of the parties; the adequacy of support absent the debt assumption; whether lump sum or periodic payments were also provided; and evidence of negotiations or other understandings as to the intended purpose of the assumption. If there is no intent, the inquiry ends here. *Id.* at 1109.

■■■ If the requisite intent is found, the Court must next determine whether the obligation has the effect of providing the support necessary to ensure the daily needs of the former spouse and any children of the marriage are satisfied. The distribution of other property or existence thereof may make assumption unnecessary for support. If without the payments the

spouse could not maintain the daily necessities, such as food, housing and transportation, the effect of payments may be found to be "in the nature of alimony or support." *Id.*, citing *Inskeep v. Draper*, 25 B.R. 518, 520 (Bankr.S.D.Ohio 1982); *Hixson v. Hixson*, 23 B.R. 492, 496 (Bankr.S.D.Ohio 1982). If the payment is not found to be necessary to provide support, the inquiry ends here. *Id.* at 1109. Lastly, the Bankruptcy Court must determine that the amount of support is not so excessive that it is manifestly unreasonable under traditionally concepts of support. *Id.* at 1110.

### V.

■ On July 26, 1989, Carole L. Rudicil filed a Motion to Show Cause in the Cuyahoga County Court of Common Pleas based upon the Debtor's failure to remain current with his monthly support obligations. The Referee's report found the Debtor to be in arrears on his monthly support obligations in the amount of $5,862.00, and, further, found the Debtor owed $7,500.00 as alimony for Carole L. Rudicil's counsel fees. Judgment was granted for Carole L. Rudicil in an amount of $13,362.00 (P.Ex. # 2). Joel A. Rudicil contends the $7,500.00 for attorney fees was in the nature of a property settlement and therefore dischargeable. Although the express characterization of an obligation as alimony is not conclusive of intent, it is one of the many factors the Court may consider. *See, In re Calhoun*, at 1108, n. 7. Moreover, the express language of the statute dictates that even if an obligation is labeled alimony, maintenance, or support, the obligation still must be "in the nature of" alimony, maintenance, or support to be nondischargeable. *See*, 11 U.S.C. § 523(a)(5)(B).

■ The overwhelming majority of federal case law is clear that a debtor's agreement to pay his wife's attorney fees in connection with their divorce can constitute alimony. *See, e.g. In re Spong*, 661 F.2d 6 (2nd Cir.1981); *In re Sigworth*, 60 B.R. 137 (Bankr.N.D.Ohio 1986); *In re Fambrough*, 30 B.R. 624 (Bankr.W.D.Ky.1983). The circumstances of the $7,500.00 award of alimony for attorney fees must be viewed in light of the test and principles enunciated in *Calhoun*. The journal entry of the state court identifies the $7,500.00 award for attorney fees as additional alimony. (P.Ex. # 1). The Referee's report reveals that Joel A. Rudicil admitted he owed $7,500.00 as alimony for attorney fees which was in agreement with the agreement reached between his counsel, James M. Wilsman, and Carole L. Rudicil's counsel. (P.Ex. # 2). Unrefuted testimony of Carole L. Rudicil revealed that, at the time of the divorce, she was unemployed and apparently needed all of the support payments to meet the necessities of herself and the children. (Plaintiff, Direct). Furthermore, she was never told that any portion of the support payment was for a property settlement. (Plaintiff, Direct). Her testimony was credible. Based upon the testimony adduced, the underlying divorce documentation, and the relative earning power of the respective parties at the time of the divorce, it is hereby determined that the $7,500.00 award of attorney fees was intended to have been a payment in the form of additional alimony and was in the nature of alimony, maintenance or support. The award was necessary to provide support and was not manifestly unreasonable to offend traditional concepts of support. Additionally, the adjudged amount of $5,862.00 was clearly for child support arrearages. Thusly, the state court judgment in the amount of $13,362.00 is hereby determined to be nondischargeable.

■ The Complaint also seeks to have arrearages not reduced to judgment declared nondischargeable as being in the nature of alimony or support. Joel A. Rudicil contends that the $1,950.00 monthly alimony payments are actually in the nature of a property settlement. The journal entry of the state court indicates what property was actually settled (P.Ex. # 1, p. 2). Therein, Carole L. Rudicil is awarded the marital residence and her personal belongings. (P.Ex. # 1, p. 3). Joel A. Rudicil is awarded the entire interest in his business interests, a Trojan boat, and is permitted to remove his personal belongings from the marital residence. (P.Ex. # 1, pp. 3–4).

The court entry further orders alimony payments in the amount of $1,950.00 monthly. (P.Ex. # 1, p. 4). Further proof of this intent is manifested as the journal entry specifies that these payments are deductible for federal income tax purposes. (P.Ex. # 1, p. 5).

Carole A. Rudicil testified that she needed all of the support payments to live; that her electricity was turned off, and that her family members periodically gave her money. (Plaintiff, Direct). No evidence was demonstrated to refute her testimony. Reviewing the traditional state law determinants, this Court finds the requisite intent existed to establish an obligation in the nature of alimony, maintenance, and support under 11 U.S.C. § 523(a)(5). It is further found that said payments have the effect of providing the necessary support to ensure the daily needs of Carole L. Rudicil are satisfied. Finally, the amount of the assumption is not so excessive as to render it unreasonable under traditional concepts of support. The post-judgment arrearages in the amount of $49,303.98 are hereby determined to be nondischargeable. The Court arrived at this amount by taking into consideration the total amount of payments that should have been paid since the inception of the agreement ($96,000.00), and the amount awarded for attorney fees as alimony ($7,500.00); said amounts totalling $103,500.00. From this total the Court credited Joel A. Rudicil for all payments made through the Bureau of Support ($44,-222.02) as well as payments made outside the Bureau of Support ($9,974.00); said amounts totalling $54,196.02.

Joel L. Rudicil contends that the Court should reduce the amount of monthly support obligations due to his changed financial circumstances. This proposition is based upon a footnote in *Calhoun*. *See, Calhoun* at 1110, fn. 11. Said proposition is contained nowhere in the body of the opinion. Furthermore, the footnote is dicta as it is not necessary to the determinative issue in that case. Lastly, *Calhoun* dealt with a debtor's assumption of joint debts and that Debtor's agreement to hold harmless the wife from such joint debts. In the case at bar, the obligations in question are not joint debts that were assumed nor is there a hold-harmless clause. To the contrary, these debts are court ordered alimony obligations. This Court finds that it would be inappropriate and unwarranted for it to modify the monthly support obligations under the present set of facts and circumstances. In this respect, the Debtor's reliance upon *Calhoun* is not well-founded.

Further, the Complaint seeks to have this Court determine that Joel A. Rudicil's obligation on the Ameritrust mortgage is nondischargeable under 11 U.S.C. § 523(a)(2). The determination of the dischargeability of said obligation has already been addressed and adjudicated in the case of *Ameritrust Company, N.A. v. Joel L. Rudicil*, 123 B.R. 778 (Bankr.N.D.Ohio 1991). Therein, this Court found that Joel A. Rudicil incurred the obligation by means of false pretenses as well as a false representation, and found the obligation to be nondischargeable. Therefore, this Court again does not have to address, fully, the allegations contained in Count III of the Complaint. To the extent an addressment is required, the obligation to Ameritrust Company, N.A. is hereby found to be nondischargeable.

Lastly, the Complaint alleges that Joel A. Rudicil deliberately refused to pay his monthly support obligations with the intent to cause injury to Carole L. Rudicil. It becomes unnecessary for the Court to address the Complaint allegations of Count IV under § 523(a)(6) as the subject obligations are nondischargeable under § 523(a)(5) of the Code. To the extent a ruling is required, Carole L. Rudicil did not meet her burden of proof.

## VI.

### *Conclusion*

Accordingly, the obligations in question are hereby determined to be nondischargeable.

IT IS SO ORDERED.